STATE OF MINNESOTA　　　　　　　　　　　　　　DISTRICT COURT
COUNTY OF STEARNS　　　　　　　　　　　　SEVENTH JUDICIAL DISTRICT

Court File No.

Lance Gerald Milliman,

　　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　COMPLAINT

County of Stearns, John Scherer,
Mary Mahler, Vicki Landwehr,
Janelle Kendall, Patrick Moen,
William MacPhail, Michael Lieberg,
Rex Tucker, John Foley, City of Paynesville,
Kent Kortlever, Joseph Schmitz, State Bank
in Eden Valley, Evan's Hilltop Stop LLC,
Kenneth Evans, Marlys Evans and Jeff Evans,

　　　　　　Defendants.

## CIVIL RIGHTS COMPLAINT WITH A JURY DEMAND

This is a 42 U.S.C. Section 1983 action, coupled with Section 1985(2) and (3), Section 1986 and a Section 1987 actions filed by Lance Gerald Milliman, alleging violation of constitutional rights and seeking prosecution, money damages, declaratory and injunctive relief. The plaintiff requests trial by jury.

## NATURE OF THE ACTION

This is a civil action seeking money damages, declaratory and injunctive relief against the defendants for committing acts, under color of law, which deprived plaintiffs of rights secured under the United States Constitution and the laws of the United States; for conspiring for the purpose of impeding and hindering the due course of justice with the intent to deny the plaintiffs equal protection of the law and due process; and for refusing or neglecting to prevent such deprivations and denials to plaintiffs. The acts of the defendants were completed with reckless disregard and deliberate indifference to the constitutional rights of the plaintiffs. Further, deprivations of the plaintiff's constitutional rights occurred as part of an active conspiracy between the defendants as evidenced by an unlawful act or series of acts or a lawful act or series of acts by unlawful means which were designed to harm or damage the plaintiffs. The plaintiffs seek a declaration that the actions of the defendants violates the Constitution and Laws of the United States.

## JURISDICTION AND VENUE

This is a civil rights action authorized by 42 U.S.C. Section 1983, Section 1985(2) and (3), Section 1986 and 1987. This Court has jurisdiction under 28 U.S.C. Sections 1331, 1343, 1367 and 2201. Venue is proper in the Stearns County District Court in the State of Minnesota since the acts complained of herein all occurred in said county and is in the purview of said district court.

## PLAINTIFFS

Plaintiff Lance Gerald Milliman, is and was at all times relevant herein, a citizen of the United States of America, and a citizen of the State of Minnesota where he resides in Meeker County, Minnesota in the City of Eden Valley.

**EXHIBIT A**

## DEFENDANTS

Defendant County of Stearns is a political subdivision located in St. Cloud, Minnesota and it employs several of the defendants listed below. Each of the defendants listed are sued in their official capacity as employees of Stearns County and the defendants are sued individually.

Defendant John H. Scherer and Mary B. Mahler and Vicki E. Landwehr are Stearns County District Court Judges who have presided over proceedings at all times relevant herein. These Defendants are sued in their official capacity and individually.

Defendant Janelle Kendall is the Stearns County Attorney. Defendant Assistant County Attorney Michael Lieberg is the head of the Stearns County Attorney's Criminal Division and Defendant Assistant County Attorney's Patrick Moen and William Mac Phail handled criminal matters as a prosecutor and/or investigator.

Defendant Rex Tucker is the Chief Public Defender for the Seventh Judicial District and defendant John Foley is an Assistant Public Defender who represented the plaintiff in the matter complained of and both are sued in their official capacity and individually.

Defendant City of Paynesville is a political subdivision located in Paynesville, Minnesota and employs several of the defendants listed below. Each of the defendants listed are sued in their official capacity as employees of the City of Paynesville and the defendants are sued individually.

Defendant Kent Kortlever is the Chief of the Paynesville Police Department. Defendant Joseph Schmitz is a police officer employed by the Paynesville Police Department. Both did investigatory work on the matter complained of. Both are sued in their official capacity and individually

Defendant State Bank in Eden Valley was the plaintiff's banking institution who maintained records on the plaintiff and his business and illegally turned the plaintiff's bank records over to the defendant City of Paynesville and Joseph Schmitz. The bank is sued officially and any employees found to be involved in the illegal seizure of plaintiff's bank records are sued individually.

Defendant Evans Hilltop Stop is an LLC doing business in the State of Minnesota and is located in Paynesville, Minnesota.

Defendants Kenneth, Marlys and Jeff Evans are managing employees of the Evans Hilltop Stop LLC and are responsible for its day to day operations.

## BACKGROUND

1. That on or about December 15, 2010 plaintiff requested permission from an employee of the defendant Evans Hilltop Stop LLC to park several pieces of equipment on their property in Paynesville, Minnesota. There was a follow up call to plaintiff Lance Milliman from defendant Jeff Evans stating "It is all right to park the equipment here but you have to move it around or split it up so it is not all in one spot so we can plow the snow from the parking lot around the equipment."

2. That on or about January 10, 2011 the plaintiff went to Evans Hilltop Stop LLC and attempted to talk to defendant Kenneth Evans about why he would do such a thing and seize the two pieces of equipment, at that time defendant Kenneth Evans was accompanied by defendant Jeff Evans and another man and defendant Kenneth Evans committed an assault and battery against plaintiff Lance Milliman by grabbing ahold of plaintiff Milliman and pushing him towards the door of the establishment saying " I own this place and you are going to get out of here." Plaintiff Milliman told defendant Kenneth Evans "do not place your hands upon me" and defendant Kenneth Evans then released the plaintiff and the plaintiff left the premises.

3. That on or about January 10, 2011 after the altercation inside the Evans Hilltop Stop LLC when the plaintiff left he was met outside by a Paynesville police officer who is believed to be Kent Kortlever and an unknown Stearns County Deputy Sheriff and plaintiff Milliman requested that defendant Kenneth Evans be arrested for assault and that defendant Kenneth be told to remove the snow from in front of the two pieces of equipment so they could be removed from the property. The Paynesville Police officer refused to do either and stated that the removal of snow was a civil issue and he would not get involved. Plaintiff Lance Milliman argued that it was not a civil issue and that in fact it was a theft of the equipment.

4. That on or about January 4, 2011, defendant Evans Hilltop Stop LLC and its employees totally disregarded the law and instead seized 2 pieces of equipment belonging to the plaintiff by plowing and piling snow up to a height of approximately five-feet all around both pieces of equipment so that the plaintiff was not able to retrieve the 2 pieces of equipment readily and was denied the use of said equipment for a considerable period of time. In fact, one piece of the equipment was needed immediately and due to defendant Evans Hilltop Stop LLC and its employees actions the plaintiff lost $2,000.00 in revenue.

5. The plaintiff with the help of several employees of his own was able to dig out one piece of equipment and removed it from the property. However, when they returned to get the second piece of equipment the defendant Evans Hilltop Stop LLC and their employees had now plowed and piled snow up to a height of approximately seven feet all around this piece of equipment and the snow was a heavy and wet snow which froze solid and was unmoveable by hand.

6. That before plowing and piling up the snow around this second piece of equipment, defendant Evans Hilltop Stop LLG and its employees cranked what is commonly known as the "landing gear" which is used to raise or lower the piece of equipment to hook it up to a semi-tractor all the way down to where no semi-tractor could back under the equipment which in fact broke off the screw mechanism and rendered the "landing gear" unusable. Further, in the process of plowing and piling up snow around this second piece of equipment the defendant Evans Hilltop Stop LLC damaged several cross members which support the floor on said piece of equipment. The damage done by defendant Evans Hilltop Stop LLC and its employees is estimated at approximately $1500.00 and said trailer has not been repaired because of the lack of finances and has been unusable since it was damaged by Evans Hilltop Stop LLC and its employees.

7. That the acts of defendants Evans Hilltop Stop LLC and its employees converted the equipment of the plaintiff over to their own use and denied the plaintiff the legal and rightful owner possession and use of the equipment and failed to return the equipment to the plaintiff when demand for return was made. This conversion continued up until on or about June 23, 2011 when defendant Kenneth Evans realizing that he could not extort monies out of plaintiff Lance Milliman for the return of the equipment sent plaintiff Milliman a letter by certified U.S. Mail which stated:

This is to inform you that under Statutes 168B.06, you are the last registered owner or lien holder of vehicle Utility Trailer. License number 99758ST VIN number 1UYUS2489PU597402 will be towed by authority of_____ on July 14, 2011 from location Hilltop Stop Restaurant & Stop parking lot. .... If vehicle is not claimed within 15 days of mailing, vehicle may be disposed of in pursuit of statutes 168B.051. If vehicle is not claimed within 45 days of mailing, vehicle can be sold to satisfy debts in pursuit of statutes 168B.07 and 168B.08. Personal property maybe obtained by permission of owner ONLY in pursuit of statutes 168B.051. /s/ Kenneth Evans-Owner Date: 6-23-2011.

8. It became clear that defendants Hilltop Stop LLC, Kenneth and Marlys Evans were attempting to claim plaintiff's $6500.00 piece of equipment for an alleged $326.01 NSF check. Upon attempting to retrieve the equipment on or about July 14, 2011 the plaintiff Lance Milliman became aware of the damages referred to in paragraph 7 above and it was clear why these defendants lowered the "landing gear" and damaged it because it was their intention from the beginning to claim plaintiff's equipment for less than 5 percent of what is was worth and sell it and keep the profit. After several hours of labor, the equipment was finally raised to a level where a

semi-tractor could hook up to it and it was removed from the property.

FACTS AND LEGAL CLAIMS

1. That on or about January 4, 2011 defendant Evans Hilltop Stop LLC alleged that a check that was issued to them by B. J. Milliman Trucking, Inc., for the purchase of products in the amount of $326.01 and was returned to them for NSF (non sufficient funds). Minnesota Statute 609.535 sets out certain procedures that must be followed before a criminal investigation can be begun or criminal charges can be filed. One of which required that the defendant Evans Hilltop Stop LLC serve a notice of dishonor upon the plaintiff. (It should be noted that the defendant Evans Hilltop Stop LLC, did not serve any notice of dishonor upon the plaintiff until the end of November, 2011).

2. That on or about March 3, 2011 defendant Evans Hilltop Stop LLC and defendant Marlys Evans contacted the Paynesville Police Department. Defendant Paynesville Police Department and defendant Evans Hilltop Stop LLC and defendant Marlys Evans conspired with defendant's Kortlever and Schmitz to use the City of Paynesville and the Paynesville Police Department as their private collection agent and officer Schmitz began an investigation and took possession of the alleged NSF check in the process. (It should be noted that at this time there had been no valid notice of dishonor sent to the plaintiff). In doing so, officer Schmitz and Chief Kortlever of the Paynesville Police Department obtained bank records belonging to the plaintiff in violation of Minnesota Statute 609.535 by misrepresenting or miscertifying the true facts that his department was investigating a NSF check case (without a valid notice of dishonor from the proper party there could be no investigation or criminal charges) which also foreclosed the chances for defendants Kortlever and Schmitz opportunity to obtain the plaintiff's banking records without a search warrant, a trial subpoena or a grand jury subpoena and none of these exclusive procedures were followed by defendants Kortlever and Schmitz which constitutes a violation of the United States Constitution's Fourth and Fourteenth Amendments. Defendants Kortlever and Schmitz knew or reasonably should have known that his actions violated the well established constitutional rights of the plaintiff as every police officer knows-to get evidence, such as that obtained herein, you need a search warrant.

3. That the plaintiff restates and realleges paragraph 2 above, further stating that the only plausible method of obtaining the plaintiff's banking records, at this stage of the proceedings, was by search warrant and defendant's Kortlever and Schmitz knew or reasonably should have known that by failing to obtain said warrant and proceeding the way they did, violated the plaintiff's Fourth and Fourteenth Amendment rights and in doing so violated the spirit of the United States Constitution. Defendant's Kortlever and Schmitz by by-passing this requirement denied the Court an opportunity to satisfy the dictates of the Fourth Amendment, in that a search warrant must describe with particularity " the place to be searched and the persons or things to be seized." U.S. Const. Amend. IV; Andresen v. Maryland, 427 U.S. 463, 480 (1976). The purpose of the particularity requirement is to prevent a general exploratory rummaging through a person's belongings. Of course, whether a warrant fails the particularity requirement cannot be decided in a vacuum. Vonderahe v. Howland, 508 F.2d 364, 369 (9th Cir. 1974). The Court was denied the opportunity to base its determination on such factors as the purpose for which the warrant is issued, the nature of the items to which it is directed, and the total circumstances surrounding the case. United States v. LeBron, 729 F.2d 533, 538 (8th Cir.1984); United States v. Apker, 705 F.2d 293, 299 (8th Cir. 1983). (It should be noted that none of the foregoing actions could have been taken without the cooperation of Evans Hilltop Stop LLC and the Evans' defendants in an attempt to publicly ridicule the plaintiff).

4. That the plaintiff restates and realleges paragraph 3 above and further states that by proceeding in the manner they did, defendants Kortlever and Schmitz denied the plaintiff the chance to challenge the search warrant on Fourth and Fourteenth Amendment grounds and allege or show how the plaintiff was prejudiced by the use at trial of evidence procured pursuant to said search warrant. The practice followed by defendants Kortlever and Schmitz constituted an abuse of the criminal process, and that the use at trial of the evidence obtained as a fruit of this

abuse violates the plaintiff's Fifth Amendment Due Process rights.

6. That on or about March 4, 2011 defendant Schmitz contacted employees of defendant State Bank in Eden Valley, who knowingly conspired with defendant Schmitz and the bank employees understood that this was an attempt to make collection on the check and a criminal prosecution under Minnesota Statute 609.535 was secondary, released records belonging to the plaintiff to defendant Schmitz of the Paynesville Police Department in violation of Minnesota Statute 609.535 (because there was no valid investigation going on at the Paynesville Police Department at that time) and the United States Constitution's Fourth and Fourteenth Amendments. Thus, knowingly employees of the defendant State Bank in Eden Valley conspired with defendant Schmitz and furthered the conspiracy (be it criminal, civil or both) The fact that the plaintiff's bank records were available by other means (Minn. Stat. 13A.04) "providing for government access to bank records requested in connection with lawful proceedings" does nothing more than than support the fact that the plaintiff's bank records were obtainable under the circumstances of this case only by the three (3) methods addressed earlier by the plaintiff and these defendants pursued none of them.

6. That the plaintiff restates and realleges Paragraph 5 above and further states that on or about March 4, 2011 Defendant Joseph Schmitz of the Paynesville Police Department armed with the plaintiff's illegally obtained banking records and in furtherance of the conspiracy (be it criminal, civil or both) sent by certified mail a notice of dishonor and demand for payment within 5 business days to the defendant in violation of Minnesota Statute 609.535 as well as the Fourth and Fourteenth Amendment's right against unlawful search and seizure and the Fifth Amendment's right to due process demanding that payment be made directly to the Paynesville Police Department. (The above-referenced statute specifically require that notice "shall be sent by the payee or holder of the check to the maker or drawer by certified mail.") That defendant Joseph Schmitz and the Paynesville Police Department allegedly had possession of the alleged NSF check, but neither could be considered the "payee" or "holder" of it. Hilltop Stop was allegedly the "payee" and not the Paynesville Police Department. Likewise, the Paynesville Police Department could not be a "holder" because the alleged NSF check was not transferred or endorsed over to the Paynesville Police Department pursuant to the Uniform Commercial Code as adopted in Minnesota. Minnesota Statute 336.3-201(b). On April 4, 2011 defendant Joseph Schmitz sent a second letter to plaintiff again demanding that payment be made to the Paynesville Police Department. The letter stated that the amount should be sent to the Paynesville Police Department within 5 business days. However, this time it warned the plaintiff that a charge under the dishonored check statute would be made if payment was not received.

7. Defendant Kent Kortlever Chief of the Paynesville Police Department in furtherance of the conspiracy (be it criminal, civil or both) in violation of Minnesota Statute 609.535 and the Fourth, Fifth and Fourteenth Amendments on or about March 23, 2011 conspired with defendant Patrick Moen the Stearns County Attorney's Office and a complaint was filed May 18, 2011 by Assistant Stearns County Attorney Patrick Moen and Assistant Stearns County Attorney William MacPhail together with Michael Lieberg have continued with the unlawful, illegal prosecution of the plaintiff in violation of the above-referenced statutes and constitutional amendments and have furthered the conspiracy by repeated attempts to cover up their "tracks". These defendants, Moen, MacPhail and Lieberg knew or reasonably should have known that their conduct and the conduct of the defendant City of Paynesville defendants Kortlever and Schmitz violated the plaintiff's well established constitutional rights as well as Minnesota Statute 609.535. The acts of defendants Kortlever and Schmitz were part of a regular custom and/or policy followed by the Paynesville Police Department in regard to matters of this nature, that the custom or policy was the driving force behind the constitutional violations. There is ample information available in discovery that will show that this is not the first time these these defendants undertook this type of action, or even in the event that this was ruled a single incident of constitutional violations, it is sufficient to impose liability under Monell, because the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker which in this case is Kent Kortlever The Chief of the Paynesville Police Department.The facts and evidence in this case show's that the City's training practices were inadequate, the City was so deliberately indifferent to the right of others in adopting its training practices, that its failure reflects a diliberate or conscious choice by the City and the alleged

deficient training procedures actually caused the plaintiff's injury.

8. That the plaintiff restates and realleges paragraph 7 above and futher states that defendant Moen either lied, or negligently misreprsented the true facts or state of the evidence and its seizure to the Court to obtain the Court's finding of probable cause which furthered the conspiracy. A finding of probable cause based upon these facts was found by Mary B. Mahler Judge of Stearns County District Court on May 25, 2011 which furthered the conspiracy between the parties and against plaintiff Lance Milliman. Judge Vicki E. Landwehr appointed district public defender and defendant John L. Foley and again furthered the conspiracy when she allowed the prosecution to proceed at the arraignment hearing held on June 20, 2011 where defendant Assistant Stearns County Attorney Michael Lieberg knowingly presented the illegally obtained and manufactured evidence before the court in a continuance of the conspiracy.

9. That there was a Omnibus Hearing held before defendant Judge John H. Scherer and defendants John H. Scherer, John Foley and William MacPhail conspired together and decided together that there were "no issues to be raised constitutionally because the State of Minnesota did not violate any constitutional rights belonging to the plaintiff." The plaintiff and defendant Foley had a heated discussion and the plaintiff then laid out his defense to defendant John Foley, which he then began to pursue without much enthusiasm. The matter was continued pending a hearing on plaintiff's motion for dismissal pursuant to Rules 10 and 11.03 of the Minnesota Rules of Criminal Procedure. (It should be noted that at this time the plaintiff did not know that his attack on the defendant's conduct did not go deep enough on constitutional grounds and that the argument made here was not available to the plaintiff at that time)

10. The plaintiff restates and realleges paragraph 9 above and further states that on October 20, 2011 defendant John Foley did submit written argument exactly as the plaintiff instructed and defendant William MacPhail responded on October 24, 2011 with the most ridiculous argument the plaintiff has ever heard but agreed with the plaintiff's statement of facts. defendant Scherer took the matter under advisement on October 31, 2011. Defendant Scherer issued his order on probable cause on November 10, 2011. Defendant Scherer's order made ten (10) findings of fact and the plaintiff does not dispute the findings contained in paragraphs 1, 2, 3, 5, 8, 9 and 10. However, paragraph 7, was based upon hearsay and paragraphs 4 and 6 were based upon illegally seized bank records. Defendant Scherer denied plaintiff's motion to dismiss based upon probable cause but did incorporated a memorandum and the memorandum in the beginning seems to support the plaintiff's position right up until the second to the last paragraph. Defendant Scherer makes the comment:

The analysis does not end here. Although section 609.535 subdivision 3 provides certain methods to prove intent, the statute does not state that these methods are exclusive. Other evidence of defendant's circumstances and acts at or around the time the check was issued may be offered to prove intent. Although the evidence in this case is thin, the Court finds the fact that Defendant was the only party authorized to sign checks, that overdrafts had occurred in the prior month, and that several checks preceding No. 4477 in sequence were also dishonored, is sufficient to establish probable cause for the intent element. See State v. Florence, 239 N.W.2d 892, 896 (Minn. 1976) (the test of probable cause is whether the evidence worthy of consideration brings the charge against the accused within reasonable probability). Defendant Scherer goes on to state in his order that "The State is faced with two alternatives: proceed to trial with the evidence available and let jeopardy attach, or dismiss and direct the payee or holder to send notice in compliance with section 609.535 subdivision 3. J.H.S.

11. The plaintiff restates and realleges paragraph 10 above and further states that the analysis of the evidence does [indeed] end here because the evidence considered to find probable cause was illegally seized making it evidence not "worthy of consideration" and the evidence does nothing to aid in the finding for the reasonable probability that the charge against the accused can be made. Defendants Scherer, Foley and MacPhail knew or reasonably should have known that their conduct herein violated the plaintiff's well established constitutional rights continued forward with the prosecution.

12. That the plaintiff restates and realleges paragraph 11 above and further states defendant Scherer issued an order setting the matter for a settlement conference on December 23, 2011. The plaintiff received a letter from defendant Foley dated November 14, 2011 stating that defendant Scherer had denied the plaintiff's motion to dismiss on probable cause grounds. However, in that same letter defendant Foley states:

> You will note that the motion was denied on probable cause grounds but the court acknowleged the evidence on intent is very thin. The court is telling us the issue we raised is one for the finder of fact rather than as a matter of law. I think we have a good chance of prevailing if we proceed to trial and present the evidence as it exists, provided the prosecution does not exercise its option to dismiss and inform Hilltop Stop it needs to provide you with a proper notice as noted in Judge Scherer's memorandum.

This is exactly where defendant Foley quit representing the plaintiff effectively and began a serious criminal and civil conspiracy with defendant MacPhail to trick the plaintiff into pleading guilty to the offense they had already planned to convict the plaintiff of. These two defendants went back to the alleged complainant Evans Hilltop Stop and Marlys Evans who had no problem joining the conspiracy to make the plaintiff pay and had her issue a second notice of dishonor dated November 21, 2011 which was mailed to the plaintiff by Marlys Evans along with a note attached requesting check fees of $30.00. (It should be noted that this is the only notice of dishonor that the plaintiff received from the Evans' defendants, ten months after the alleged check was written and 9 months after the plaintiff's account was closed at the State Bank in Eden Valley. There is no evidence that the check in question was ever deposited with the bank defendants in regard to this second notice of dishonor)

The Uniform Commercial Code, as adopted in Minnesota, identifies what is "reasonable" in regard to the length of time a payee has to present the instrument for payment which is defined as thirty (30) days. The plaintiff was given five days to pay the amount of the alleged check by defendant Foley and the matter "would go away" or defendant MacPhail would continue on with the prosecution. The plaintiff did not pay the amount allegedly owed to the Evans' defendants and the prosecution was, of course continued. These defendants knew the plaintiff was represented by the public defender and did not have funds to pay such a debt at this time. The actions of these defendants is subject to review on the question of why was this second notice of dishonor sent in the first place? Was it "a trick or device"? It suggests an admission by the state, that there was something wrong with the first notice, and if that is so, can the state cure the defects in this manner by amendment without dismissing the charges first as ordered by defendant Scherer in his memorandum? When questioned on this point by plaintiff, defendant Foley made the statement: " Well it is a question of whether or not Judge Scherer really expected the state to dismiss the charge and refile." Without an attorney acting in plaintiff's best interest at this point in proceedings is sudden death to the plaintiff's defense as the plaintiff could not at that point in time conduct his own defense.

13. On November 28, 2011 the plaintiff pursuant to 42 U.S.C. 1983 filed a civil rights complaint against the County of Stearns, Janelle Kendall, Shan Wang, Patrick Moen, William MacPhail, City of Paynesville, Kent Kortlever, Joseph Schmitz, Eden Valley Bancshares, Inc., State Bank in Eden Valley, Hilltop Stop LLC, Kenneth Evans, Marlys Evans and Jeff Evans in Stearns County District Court attacking the defendants for the only violation known to the plaintiff at that time which was the illegal use of Minnesota Statute 609.535 used to convict the plaintiff and unnamed and unsubstantiated constitutional claims related to the use of said staute. Defendant Scherer in an order dated on December 16, 2011 denied plaintiff's motion to proceed in forma pauperis. It is the plaintiff's claim that defendant Scherer knew or reasonably should have known it to be unethical to consider this civil rights action and dismissing plaintiff's claims as frivolous and by not including with that order or at any time thereafter any findings of fact or conclusions of law to go along with the order which are required by law. Defendant Scherer's involvement and ruling in the civil action undermined his ability to act as an impartial trier of fact in the criminal case. Then after dismissing the plaintiff's claims he promptly disqualifies himself because one of the parties is represented by his former lawfirm and then passes the case on to defendant Mary Mahler after the damage is already done and doing all these things while at the same time sitting in a criminal matter involving

the same parties. Code of Judicial Conduct Canon 1, 2A, 3A, 3B, 3C and 3D(1)(a) and (b).

14. That the plaintiff restates and realleges paragragh 13 above and further states that the matter referred to above was removed to the United States District Court-District of Minnesota on December 19, 2011 by Jason Hiveley, defense counsel for Stearns County and the City of Paynesville. It was between here and the April 12, 2012 hearing before the Honorable Leo I Brisbois, where the plaintiff begins to realize his Fourth, Fifth and Fourteenth Amendment claims after reviewing an old federal habeas petition filed by him in 1985 in regard to search and seizure and Due Process and begins to question why his defense attorney, defendant John Foley did not make such an obvious argument to defendant John Scherer on plaintiff's behalf. It is simple, defendant John Foley gave the representation to the plaintiff that he was "asked for" and nothing more. This is not adequate representation for any criminal defendant. In any event, here we at April 10th, trial date in the state criminal case, and two (2) days before the hearing before the magistrate in the federal civil rights action the plaintiff is not prepared to conduct his own defense and his defense attorney and defendant John Foley is not representing the plaintiff and is pushing plaintiff to take the plea bargain. The plaintiff became overwhelmed and took the deal believing he could "straighten it out in the courts in a later proceeding, somehow." In any event, the matter was ultimately dismissed with prejudice on some claims and without prejudice as to others, which are addressed here in this complaint.

15. That on July 24, 2012 the plaintiff filed a federal habeas petition in the United States District Court for the District of Minnesota challenging his conviction in the state criminal court. The state was represented by Assistant Stearns County Attorney and defendant Michael Lieberg. Defendant Lieberg while conspiring with defendants Kendall, MacPhall and Moen made legal argument based upon knowingly false representations of law which constitutes dishonesty toward the tribunal. The prosecutor in this state has a special responsibility and duty pursuant to Rule 3.8 of the Minnesota Rules of Professional Conduct:

 The prosecutor in a criminal case shall:

 (a) refrain from prosecuting a charge that the prosecutor knows is not supported by probable cause;

 (d) make timely disclosure of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense.

A prosecutor has the responsibility of a minister of justice and not simply that of advocate. This responsibility carries with it certain obligations to see that the defendant is accorded procedural justice and that guilt is decided upon the basis of sufficient evidence. Applicable law may require other measures by the prosecutor and knowing disregard of those obligations or a systematic abuse of prosecutorial discretion could constitute a violation of Rule 8.4.

Rule 8.4 deals with misconduct and states it is professional misconduct for a lawyer to:

 (a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;

 (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

 (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

 (d) engage in conduct that is prejudicial to the administration of justice;

 (g) harass a person on the basis of sex, race age creed, religion, color national origin, disability, sexual preference or marital status in connection with a lawyer's professional activities;

 (h) commit a discriminatory act, prohibited by federal, state or local statute or ordinance that

reflects adversely on a lawyer's fitness as a lawyer.

16. That plaintiff restates and realleges paragraph 15 above and further states that defendants Kendall, Lieberg MacPhail and Moen completed an act or acts of misrepresentation fraud or deceit that resulted in a serious violation of the plaintiff's constitutional rights and a criminal conviction not warranted by the evidence, that these defendants knew or reasonable should have known that their actions were prohibited by statute or ordinance, that these defendants have completed these acts as part of a regular and continued pattern of prohibited conduct to include harassment and discriminatory attacks directed at the plaintiff going back over ten years and these defendant's conduct was committed in connection with these defendant's professional activities. The conduct of these defendants constitutes an abuse of public office and suggests an inability to fulfill the professional role of an attorney. These defendant's conspired with eachother and others and had the meeting of the minds required to show an active conspiracy to knowingly violate the plaintiff's Fourth, Fifth and Fourteenth Amendment rights dealing with unlawful search and seizure and Due Process and these defendant's conduct demonstrates a hostility toward or indifference to the policy of equal justice under the law and manifests a lack of character required of members of the legal profession which adversely affects these defendant's fitness as lawyers whether in public or private practice.

17. That the plaintiff restates and realleges paragraph 16 above and further states that the federal habeas petition was ultimately denied on August 27, 2012. However, the fact remains there were false representations of law made by defendant Michael Lieberg in the federal habeas matter. What Mr. Lieberg did in the federal habeas proceeding is he attempted to mislead the plaintiff and the court into believing that there were no options available to the plaintiff in the state or federal courts in regard to the claims made by the plaintiff. Defendant Lieberg alleges he is the Chief of the Criminal Division of the Stearns County Attorney's Office and with about 16 years experience as an Assistant Stearns County Attorney and with the economic times what they are defendant Lieberg knew full well that the plaintiff had the option of proceeding pursuant to Minnesota Statute 590. Post Conviction Remedy Statute but still defendant Lieberg chose to make contrary misleading argument to the plaintiff and the court. This matter was heard by the post conviction relief court December 13, 2012 in the state trial court and the plaintiff is opposed by Michael Lieberg and the trial court judge is defendant John Scherer. The matter was taken under advisement.

18. That the acts of the defendants and all of them violated the plaintiff's constitutional rights afforded him by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and 42 USC 1983, 1985, 1986 and 1987 as the statutory violations to include plaintiff's right to privacy, the right to due process and equal protection of the law, the plaintiff's constitutional right not to be discriminated against by private individuals and commercial entities, public officials, civil servants or public servants to include the Stearns County Attorney, her assistants and the Paynesville Police Department based upon poltical motives of a discriminatory nature. The acts of these defendants and all of them were completed in active participation and in concert with eachother to further the conspiracy against the plaintiff and were designed to cause harm and/or injury to the plaintiff to include trauma from mental and physical attacks upon the plaintiff causing further emotional damages to the plaintiff who is now seeking treatment from mental health professionals in part for the trauma involved and caused by these defendants in their illegal and unlawful activities. These defendants knew or reasonably should have known that their conduct was in violation of the United States Constitution and knowing this, these defendants continued to intentionally inflict severe emotional trauma and mental harm in callous disregard and in deliberate indifference for the constitutional rights of the plaintiff.

Wherefore, the plaintiff requests that this Court grant the following relief:

1. That this Court issue a declaratory judgment declaring that the acts, practices and policies of the defendants violates the United States Constitution and the laws of the United States.

2. That this Court grant compensatory and/or general damages in excess of $50,000.00 against each and every defendant.

3. That this Court grant punative damages against defendant Hilltop Stop LLC in the amount of $150,000.00; punative damages against defendants Kenneth and Marlys Evans in the amount of $100,000.00; punative damages from defendants Kendall, Lieberg, Moen and MacPhail in the amount of $50,000.00 each; punative damages from defendants Kortlever, Schmitz and the State Bank in Eden Valley of $25,000.00 each and Jeff Evans in the amount of $15,000.

4. Trial by jury on all issues triable by jury.

5. Plaintiff's costs of this suit.

6. Any and all other relief deemed just, proper and equitable by the Court.

Dated: 12-14-12

Lance Milliman
Plaintiff pro se
60009 373rd Street
Eden Valley, Minnesota 55329
(320) 453-5598