UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

LANCE GERALD MILLIMAN,

No. 13-cv-136 (DWF/LIB)

v.

**REPORT AND RECOMMENDATION**

STEARNS, COUNTY OF; MARY MAHLER;
VICKI LANDWEHR; JANELLE KENDALL;
PATRICK MOEN; WILLIAM MacPHAIL;
REX TUCKER; JOHN FOLEY;
PAYNESVILLE, CITY OF; KENT
KORTLEVER; JOSEPH SCHMITZ; STATE
BANK IN EDEN VALLEY; EVAN'S
HILLTOP STOP, LLC; KENETH EVANS;
MARLYS EVANS; JEFF EVANS; JOHN H.
SCHERER; and MICHAEL LIEBERG,

Defendants.

This matter came before the undersigned United States Magistrate Judge upon the Evans

Defendants' Motion to Dismiss and/or for Summary Judgment, [Docket No. 2]; Defendant State

Bank in Eden Valley's Motion for Summary Judgment, [Docket No. 16]; the Local Government

Defendants' Motion for Dismissal and/or Summary Judgment, [Docket No. 21], and the State

Defendants' Motion to Dismiss, [Docket No. 38]. The case has been referred to the undersigned

Magistrate Judge for a report and recommendation, (see Order of Reference [Docket No. 13]),

pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. The Court held a hearing on the motions

on May 22, 2013.[1] For reasons outlined below, the Court recommends that Defendants'

motions, [Docket Nos. 2, 16, 21, and 38], be **GRANTED**.

---

[1] Plaintiff requested, and the Court granted, that he be excused from personally attending the May 22,2013, motions
hearing. (See Docket No. 51, at 1).

## I.    BACKGROUND

This case is a renewal of a dispute, between Lance Gerald Milliman (Plaintiff) and several private and public parties, that the Court previously adjudicated in <u>Milliman v. Stearns</u>, No. 11-cv-3636 (JRT/LIB), 2012 U.S. Dist. LEXIS 140458 (D. Minn. May 30, 2012) (Brisbois, M.J.), <u>adopted by</u> 2012 U.S. Dist. LEXIS 139475 (D. Minn. Sept. 27, 2012) (Tunheim, J.) (hereinafter, "<u>Milliman I</u>").  This is actually the third time that Plaintiff has brought these issues to the U.S. District Court, as he also sought to overturn his conviction for Issuing a Dishonored Check—Value More than $250-$500 by means of a petition for habeas corpus, which the District Court denied.  <u>Milliman v. Minnesota</u>, No. 12-cv-1789 (FLN/RHK), 2012 U.S. Dist. LEXIS 125252 (Aug. 7, 2012) (Noel, M.J.), <u>adopted by</u> 2012 U.S. Dist. LEXIS 126373 (D. Minn. Aug. 27, 2012) (Kyle, J.) (hereinafter, "<u>Milliman II</u>").

In the present case, (hereinafter, "<u>Milliman III</u>"), Plaintiff has named the following as defendants:

- The "**Evans Defendants**": Evans Hilltop Stop LLC, Kenneth Evans, Marlys Evans, and Jeff Evans;[2]

- The "**Defendant Bank**": State Bank in Eden Valley;

- The "**Local Government Defendants**," including:

  - o  Stearns County; the City of Paynesville; Kent Kortlever;[3] and Joseph Schmitz;[4] and

  - o  The "**Local Government Defendant Prosecutors**": Janelle Kendall, Michael Lieberg , Patrick Moen, William MacPhail;[5] and

---

[2] Defendants Kenneth, Marlys, and Jeff Evans are managing employees of Defendant Evans Hilltop Stop.  <u>Id.</u> at 2.
[3] Defendant Kortlever is Chief of the Paynesville Police Department.  <u>Id.</u> at 2.
[4] Defendant Schmitz is an officer in the Paynesville Police Department.  <u>Id.</u> at 2.

- The "**State Defendants**," including:

  o The "**State Defendant Judges**": Hon. Vicki Landwehr, Hon. Mary Mahler, Hon. John H. Scherer;[6] and

  o The "**State Defendant Public Defenders**": John Foley and Rex Tucker.[7]

Plaintiff brings claims under 42 U.S.C. §§ 1983, 1985(2) and (3), 1986, and 1987, seeking money damages, declaratory relief, and injunctive relief. (Compl. [Docket No. 1-1], at 1).

In short, Plaintiff alleges:

- That the Evans Defendants used a bad check written by Plaintiff in the amount of $326.01 as pretext for conversion and theft of certain mechanical equipment that Plaintiff had stored in the parking lot of Evan's Hilltop Stop, and that the Evans Defendants damaged said equipment, (Id. at 2-4, ¶¶ 1-8);

- That the Evans Defendants conspired with Defendant Bank and certain of the Government Defendants to obtain Plaintiff's bank records, and to bring an illegal prosecution against Defendant for a check issued with non-sufficient funds ("NSF"), in violation of Plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures and Fifth Amendment right to due process, as incorporated against the states by the Fourteenth Amendment, (Id. at 4-6, ¶¶ 1-7);

- That certain of the State Defendant Judges joined the conspiracy by allowing the NSF criminal proceedings against Plaintiff to proceed, and by appointing the State Defendant Public Defenders, (Id. at 6, ¶ 8); and

---

[5] Defendant Kendall is the Stearns County Attorney, Defendant Lieberg is head of the Stearns Coutny Attorney's Criminal Division, and Defendants Moen and McPhail are Assistant County Attorneys whom Plaintiff alleges were involved in proceedings relevant to his claims. (Compl. [Docket No. 1-1], at 2).
[6] Defendants Landwehr, Mahler, and Scherer are Stearns County District Court judges, whom Plaintiff alleges presided over certain proceedings relevant to his claims. Id. at 2.
[7] Defendant Tucker is the Chief Public Defender for the Seventh Judicial District, and Defendant Foley is an Assistant Public Defender who represented Plaintiff in Plaintiff's criminal prosecution referenced herein. Id. at 2.

- That Defendants Scherer, Foley, and MacPhail conspired against Plaintiff by their participation in the NSF prosecution. (Id. at 6, ¶ 9).

Plaintiff asserts that these actions and alleged conspiracies constitute violations of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and under 42 U.S.C. §§ 1983, 1985, 1986, and 1987. (Id. at 9, ¶ 18).

Plaintiff ultimately pleaded guilty on April 10, 2012, to one (1) count of Issuing a Dishonored Check—Value More than $250-$500, and was sentenced to thirty (30) days in jail, with his sentence stayed for one (1) year. (Milliman I, Aff. Stubson, Ex. A [Docket No. 38-1], at 2; see also Milliman II, Compl. [Docket No. 1-1], at 8, ¶ 14 (Plaintiff acknowledging that he accepted a plea bargain). His petition for a writ of habeas corpus challenging his conviction was denied by Milliman II.

With regard to Plaintiff's prior civil suit (Milliman I), his claims against the Evans Defendants were dismissed with prejudice pursuant to a stipulated settlement, (Milliman I, Stip. Dismissal [Docket No. 41]; Order of April 19, 2012 [Docket No. 42]); his claims against the Defendant Bank were dismissed with prejudice upon the Defendant Bank's motion (Milliman I, 2012 U.S. Dist. LEXIS 139475, at *9); and his claims against the Government Defendants were dismissed without prejudice upon their motion, (Id. at *9-10).[8]

Plaintiff subsequently brought the present action in the courts of the State of Minnesota. (Compl. [Docket No. 1-1]). The Evans Defendants removed to Federal court, (Notice of Removal [Docket No. 1]), and these motions followed.

---

[8] In Milliman I, Plaintiff also named as a defendant Shan Wang, an Assistant County Attorney for Stearns County. (Milliman I, Compl. [Docket No. 1-1], at 3). Shan Wang is not named as a defendant in the present action. (Milliman III, Compl. [Docket No. 1-1], at 2).

## II.    STANDARDS OF REVIEW

The Defendants, by their motions, ask the Court both to dismiss Plaintiff's claims against them for failure to state a claim pursuant to Rule 12(b)(6), and, in the alternative, for summary judgment on those claims pursuant to Rule 56.

### A.  Motions to Dismiss under Rule 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  In addressing a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim, "we look only to the facts alleged in the complaint and construe those facts in the light most favorable to the plaintiff."  Riley v. St. Louis County of Mo., 153 F.3d 627, 629 (8th Cir. 1998) (citing Double D Spotting Serv., Inc. v. Supervalu, Inc., 136 F.3d 554, 556 (8th Cir. 1998)), cert. denied 525 U.S. 1178 (1999).  All reasonable inferences must be drawn in favor of the nonmoving party.  See Maki v. Allete, Inc., 383 F.3d 740, 742 (8th Cir. 2004).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulistic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations and citations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged;" however, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), quoting

Twombly, 550 U.S. at 556-67. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 664.

### B. Motions for Summary Judgment

Summary judgment is appropriate when the evidence demonstrates that there are no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Smutka v. City of Hutchinson, 451 F.3d 522, 526 (8th Cir. 2006). A disputed fact is "material" if it might affect the outcome of the case, and a factual dispute is "genuine" if the evidence is such that a reasonable party could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the burden of bringing forward sufficient admissible evidence to establish that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The evidence must be viewed in the light most favorable to the nonmoving party, and the nonmoving party must be given the benefit of all reasonable inferences to be drawn from the underlying facts in the record. Mirax Chem Prods. Corp. v. First Interstate Commercial Corp., 950 F.2d 566, 569 (8th Cir. 1991). However, the nonmoving party may not rest on mere allegations or denials in its pleadings, but must set forth specific admissible evidence-based facts showing the existence of a genuine issue. Forrest v. Kraft Foods, Inc., 285 F.3d 688, 691 (8th Cir. 2002). The movant is entitled to summary judgment where the nonmoving party has failed "to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." Celotex, 477 U.S. at 322 (citing Fed. R. Civ. P. 56(c)); see also Fed. R. Civ. P. 56(e)(3) ("If a party fails to properly support an assertion of fact . . . as required by Rule 56(c), the court

may: . . . (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it").  No genuine issue of material fact exists in such a case because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Celotex, 477 U.S. at 323.

## III.    FACTS

As noted in Part I, supra, with only some superficial differences in the named parties, the Plaintiff previously sued the Evans Defendants, the Defendant Bank, and the Local Government Defendants in this Court.  See generally Milliman I, 2012 U.S. Dist. LEXIS 140458.  His claims against the Evans Defendants were dismissed with prejudice pursuant to a Settlement Agreement and a Stipulation of Dismissal.  (See Milliman I, Stip. Dismissal [Docket No. 41]; Order [Docket No. 42]).  Following a hearing on the Defendant Bank's and the Local Government Defendants' motions to dismiss, his claims against the Defendant Bank were dismissed with prejudice, and his claims against the Local Government Defendants were dismissed without prejudice.  Milliman I, 2012 U.S. Dist. LEXIS 140458, at *25-26.

In the present case, the Evans Defendants, the Defendant Bank, and the Local Government Defendants each allege, as one basis of their various motions to dismiss and/or for summary judgment, that Plaintiff has merely reasserted his failed claims from Milliman I.  Plaintiff generally denies that his Complaint in the present case reasserts his claims from Milliman I.

In order to determine the extent, if any, to which Plaintiff in the present case has merely reasserted his claims from the prior case, the Court conducted a side-by-side comparison of his

present Complaint, (<u>Milliman III</u>, Compl. [Docket No. 1-1]), with his prior Complaint, (<u>Milliman I</u>, Compl. [Docket No. 1-1]).  That comparison revealed the following:

- In the present case, Plaintiff's Complaint at 2, ¶ 1, is **virtually identical** to the <u>Milliman I</u> Complaint at 3, ¶ 1.[9]

- In the present case, Plaintiff's Complaint at 2, ¶ 2, is **virtually identical** to the <u>Milliman I</u> Complaint at 3-4, ¶ 4.[10]

- In the present case, Plaintiff's Complaint at 3, ¶ 3, is **virtually identical** to the <u>Milliman I</u> Complaint at 4, ¶ 5.[11]

- In the present case, Plaintiff's Complaint at 3, ¶ 4, is **virtually identical** to the <u>Milliman I</u> Complaint at 3, ¶ 3.[12]

- In the present case, Plaintiff's Complaint at 3, ¶ 5, is **virtually identical** to the <u>Milliman I</u> Complaint at 4, ¶ 6.[13]

- In the present case, Plaintiff's Complaint at 3, ¶ 6, is **virtually identical** to the <u>Milliman I</u> Complaint at 4, ¶ 7.[14]

- In the present case, Plaintiff's Complaint at 3, ¶ 7, is **virtually identical** to the <u>Milliman I</u> Complaint at 5, ¶ 16.[15]

---

[9] The only difference is that Plaintiff's reference in <u>Milliman I</u> to "defendant Hilltop Stop LLC" is changed in the present case to "defendant *Evans* Hilltop Stop."  (Emphasis added).

[10] The only difference is that Plaintiff's reference in <u>Milliman I</u> to "defendant Hilltop Stop LLC" is changed in the present case to "defendant *Evans* Hilltop Stop."  (Emphasis added).

[11] The only difference is that Plaintiff's reference in <u>Milliman I</u> to "defendant Hilltop Stop LLC" is changed in the present case to "defendant *Evans* Hilltop Stop."  (Emphasis added).

[12] In his <u>Milliman I</u> complaint, Plaintiff in this paragraph made reference to Minn. Stat. §§ 604.113 and 609.535. These references do not appear in the corresponding paragraph of his complaint in the present case.  Aside from that omission, the only difference is that Plaintiff's references in <u>Milliman I</u> to "defendant Hilltop Stop LLC" are changed in the present case to "defendant *Evans* Hilltop Stop."  (Emphasis added).

[13] The only difference is that Plaintiff's reference in <u>Milliman I</u> to "defendant Hilltop Stop LLC" is changed in the present case to "defendant *Evans* Hilltop Stop."  (Emphasis added).

[14] The only difference is that Plaintiff's references in <u>Milliman I</u> to "defendant Hilltop Stop LLC" are changed in the present case to "defendant *Evans* Hilltop Stop."  (Emphasis added).

[15] The only difference is that Plaintiff's reference in <u>Milliman I</u> to "defendant Hilltop Stop LLC" is changed in the present case to "defendant *Evans* Hilltop Stop."  (Emphasis added).

- In the present case, Plaintiff's Complaint at 3-4, ¶ 8, is **identical** to the <u>Milliman I</u> Complaint at 5, ¶ 17.

- In the present case, Plaintiff's Complaint at 4, ¶ 1, alleges facts and legal conclusions that were alleged in the <u>Milliman I</u> Complaint at 3, ¶¶ 2-3.

- In the present case, Plaintiff's Complaint at 4, ¶ 2, alleges facts and legal conclusions that were alleged in the <u>Milliman I</u> Complaint at 4, ¶ 8; and <u>additionally</u> alleges a conspiracy among certain of the Local Government Defendants to violate Plaintiff's rights under the Fourth and Fourteenth Amendments.

- In the present case, Plaintiff's Complaint at 4-5, ¶¶ 3-4, makes legal arguments not presented in his <u>Milliman I</u> Complaint.

- In the present case, Plaintiff's Complaint at 5, ¶ 5, alleges facts and legal conclusions that were alleged in the <u>Milliman I</u> Complaint at 4, ¶ 9; and <u>additionally</u> alleges a conspiracy among the Defendant Bank and certain of the Local Government Defendants to violate Plaintiff's rights under the Fourth and Fourteenth Amendments.

- In the present case, Plaintiff's Complaint at 5, ¶ 6, alleges facts and legal conclusions that were alleged in the <u>Milliman I</u> Complaint at 4-5, ¶¶ 10-12; and <u>additionally</u> alleges that certain of the Local Government Defendants violated Plaintiff's rights under the Fourth and Fourteenth Amendments.

- In the present case, Plaintiff's Complaint at 5-6, ¶ 7, alleges facts and legal conclusions that were alleged in the <u>Milliman I</u> Complaint at 5, ¶¶ 13-14; and <u>additionally</u> alleges that certain of the Local Government Defendants conspired to violate Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments; and further alleges that a custom or policy of the Local Government Defendants was the

motivating force behind these alleged violations of his constitutional rights.

- In the present case, Plaintiff's Complaint at 6-9, ¶¶ 8-17, alleges conspiracy claims <u>not</u> specifically articulated in the <u>Milliman I</u> Complaint:

  o Plaintiff's Complaint at 6-7, ¶¶ 8-12, alleges a conspiracy among several of the Defendants with regard to his prosecution and the resulting judicial proceedings.

  o Plaintiff's Complaint at 7-8, ¶¶ 13-14, alleges a conspiracy among several of the Defendants with regard to his prosecution of, and their defenses in, <u>Milliman I</u>.

  o Plaintiff's Complaint at 8-9, ¶¶ 15-17, alleges a conspiracy among several of the Defendants with regard to his habeas corpus petition in <u>Milliman II</u>.

- In the present case, Plaintiff's Complaint at 9, ¶ 18, generally alleges a "conspiracy," <u>not</u> specifically articulated in the <u>Milliman I</u> Complaint, by all of the Defendants to violate his civil rights, causing him to suffer "severe emotional trauma and mental harm."

(<u>Compare</u> <u>Milliman III</u> Compl. [Docket No. 1-1], <u>with</u> <u>Milliman I</u> Compl. [Docket No. 1-1]).

## IV.    DISCUSSION

### A.  The Evans Defendants' Motion to Dismiss and/or for Summary Judgment [Docket No. 2]

The Evans Defendants offer three grounds upon which they ask either that the claims against them be dismissed, or that they be granted summary judgment on those claims: first, they move to dismiss under Rule 12(b)(5) for insufficient service of process; second, they move to dismiss on the basis of *res judicata*; and third, they move to dismiss on the grounds that Plaintiff's claims against them are barred by the settlement agreement entered into in <u>Milliman I</u>. The Court addresses each of these arguments in reverse order.

1. **Plaintiff's claims against the Evans Defendants are barred by the Settlement Agreement that he voluntarily entered with all of the current Evans Defendants in <u>Milliman I</u>.**

Plaintiff's claims in <u>Milliman I</u> were extinguished pursuant to the execution of a Settlement Agreement between Plaintiff and the Evans Defendants. (<u>Milliman III</u>, Settlement Agreement, Aff. Sobalvarro, Ex. 4 [Docket No. 5-4]). Among the terms of that Settlement Agreement was the following:

> ***Plaintiffs***, individually and for their officers, agents, heirs, legal representativies, assigns, predecessors, successors, principals, and personal representatives, ***do hereby release, extinguish and forever discharge*** Defendant Hilltop Stop, ***the Evans Defendants***, ***Evans Hilltop Stop LLC***, Evans Hilltop Restaurant, LLC, Evans Hilltop Complex, LLC, and their officers, agents, insurers, respective heirs, predecessors, successors, assigns, principals, and legal representatives ***from any and all claims, actions, causes of action, demands, rights, damages, costs, rights and remedies of any kind***, whether based in tort, contract, statute, regulation or any other source of law, at law or in equity, whether known or unknown, whether anticipated or unanticipated, whether asserted or unasserted, ***which are related in any way to the claims contained in the Complaint of*** [***<u>Milliman I</u>***].

(<u>Id.</u> at 1-2) (emphasis added).

Pursuant to that Settlement Agreement, Plaintiff and the Evans Defendants filed a Stipulation of Dismissal With Prejudice, which Plaintiff and the Evans Defendants signed on April 12, 2012. (<u>Milliman I</u>, Stip. Dismissal [Docket No. 41]). Upon that Stipulation, the District Court[16] on April 19, 2012, signed an Order dismissing Plaintiff's claims against the Evans Defendants with prejudice. (<u>Milliman I</u>, Order [Docket No. 42]).

The material terms of the Settlement Agreement are clear: by that agreement, Plaintiff "release[d], extinguish[ed] and forever discharge[d]" the Evans Defendants from "any and all claims, actions, causes of action . . . which are related in any way to the claims contained in the [<u>Milliman I</u>] Complaint[.]" It also is clear, as demonstrated in Part II.B.1.a, <u>supra</u>, that all of Plaintiff's claims against the Evans Defendants in the present case are more than merely "related

---

[16] Hon. John R. Tunheim presiding.

in any way" to his claims against the Evans Defendants in <u>Milliman I</u>—in substance, they are

mostly the exact same claims.

Plaintiff does not dispute the plain language of the Settlement Agreement, but instead

argues that even though Defendant Evans Hilltop Stop, LLC, is expressly mentioned in the

release clause of the Settlement Agreement, the Settlement Agreement does not bar his suit

against Defendant Evans Hilltop Stop, LLC, because Defendant Evans Hilltop Stop, LLC, was

not a *party* to the Settlement Agreement. (Pl.'s Mem. Opp. Evans Defs.' Mot. Dismiss [Docket

No. 42], at 3-4). However, Plaintiff provides no authority for this argument, and the Court can

find none. By the plain language of the Settlement Agreement, Plaintiff waived his right to sue

the Evans Defendants, *including* Defendant Evans Hilltop Stop, LLC, for claims arising out of

the incident that precipitated <u>Milliman I</u>, regardless of the fact that Defendant Evans Hilltop

Stop, LLC, was not a named party to that action. Evans Hilltop Stop, LLC, was, however,

named in the Settlement Agreement as an entity against whom Plaintiff was releasing any claims

as part of the consideration for the settlement.

Whether analyzing Plaintiff's claims under Rule 12(b)(6) for failure to state a claim,[17] or

under Rule 56 if consideration of the Settlement Agreement converts the Evans Defendants'

motion to a motion for summary judgment,[18] the outcome is the same: the Evans Defendants are

---

[17] When deciding a motion to dismiss, the Court considers "the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint." <u>PureChoice, Inc. v. Macke</u>, 2007 U.S. Dist. LEXIS 50284, at *13 (D. Minn. July 10, 2007) (Frank, J.) (citing <u>Porous Media Corp. v. Pall Corp.</u>, 186 F.3d 1077, 1079 (8th Cir. 1999)).

[18] A Rule 12(b)(6) motion to dismiss "'must be treated as a motion for summary judgment when matters outside the pleadings are presented to and not excluded by the trial Court.'" <u>Gibb v. Scott</u>, 958 F.2d 814, 816 (8th Cir. 1992) (quoting <u>Woods v. Dugan</u>, 660 F.2d 379, 380 (8th Cir. 1981)). "The Court has complete discretion to determine whether or not to accept material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion." <u>Stahl v. United States Dept. of Agric.</u>, 327 F.3d 697, 701 (8th Cir.2003) (internal quotation and citation omitted).

In cases involving pro se parties, "the Court must proceed with caution in converting a motion to dismiss to a motion for summary judgment." <u>Machen v. Iverson</u>, No. 11-cv-1557 (DWF/JSM), 2012 U.S. Dist. LEXIS 21254, at *39 (D. Minn. Jan. 23, 2012) (Mayeron, M.J.) (citing <u>Malaney v. El Al Israel Airlines</u>, 331 Fed. Appx. 772, 774 (2nd Cir. 2009)), <u>adopted by</u> 2012 U.S. Dist LEXIS 22350 (D. Minn. Feb. 21, 2012) (Frank, J.). Because the Evans Defendants styled their motion as a "Motion to Dismiss and/or for Summary Judgment," thus putting Plaintiff on

entitled to judgment as a matter of law, because Plaintiff has undisputedly, undeniably, and unequivocally released all of the Evans Defendants from any and all claims arising out of the factual circumstances that gave rise to his claims in <u>Milliman I</u>, and which now form the basis for his claims in <u>Milliman III</u>.

## 2. Even if Plaintiff's claims against the Evans Defendants were not barred by the Settlement Agreement, they would be barred by *res judicata*.

"*Res judicata* is an issue of law that may be determined on a motion to dismiss." <u>Baratto v. Citizens Auto. Fin., Inc.</u>, 11-cv-105 (MJD/LIB), 2011 U.S. Dist. LEXIS 93741, at *5-6 (D. Minn. Aug. 1, 2011) (Brisbois, M.J.), <u>adopted by</u> 2011 U.S. Dist. LEXIS 93735 (D. Minn. Aug. 22, 2011) (Davis, C.J.). "However, 'the facts that establish the defense must be **definitively ascertainable** from the allegations of the complaint, the documents (if any) incorporated therein, matters of public record, and other matters of which the court may take judicial notice.'" <u>Rabo Agrifinance, Inc. v. Wachovia Capital Fin. Corp.</u>, 10-cv-983 (JRT/JSM), 2011 U.S. Dist. LECIS 13986, at *5 (D. Minn. Feb. 11, 2011) (Tunheim, J.) (quoting <u>In re Colonial Mortg. Bankers Corp.</u>, 324 F.3d 12, 16 (1st Cir. 2003) (emphasis added in <u>Rabo Agrifinance</u>)).

Under *res judicata*, a judgment on the merits in an earlier lawsuit bars a second suit involving the same parties based on the same cause of action." <u>Professional Management Associates, Inc. v. KPMG LLP</u>, 345 F.3d 1030, 1032 (8th Cir. 2003) (per curiam). The elements of *res judicata* are: "(i) the court that previously adjudicated the claim had jurisdiction to do so, (ii) the previous litigation resulted in a final judgment on the merits, and (iii) the previous suit involved the same cause of action between the parties, or was based on the same nucleus of operative facts." <u>Larken, Inc. v. Wray</u>, 189 F.3d 729, 732 (8th Cir. 1999). "When the

---

notice that the Court might grant summary judgment, and because the evidence provided for the Court's consideration is undisputed, the Court finds that Plaintiff is not prejudiced by the Court's consideration of this motion under a Rule 56 summary judgment standard.

parties to a previous lawsuit agree to dismiss a claim with prejudice, such a dismissal constitutes a 'final judgment on the merits' for purposes of *res judicata*." Id. (citing Chase Manhattan Bank, N.A. v. Celotex Corp., 56 F.3d 343, 345 (2d Cir. 1995)). However, "[c]laim preclusion . . . does not apply to claims that did not exist when the first suit was filed." Lundquist v. Rice Memorial Hosp., 238 F.3d 975, 977 (8th Cir. 2001); Baker Group, L.C. v. Burlington Northern and Santa Fe Ry. Co., 228 F.3d 883, 886 (8th Cir. 2000) ("It is well settled that claim preclusion does not apply to claims that did not arise until after the first suit was filed.").

Plaintiff concedes that the District Court in Milliman I had jurisdiction, and that there was a final judgment on the merits with regard to the Evans Defendants. (Pl.'s Mem. Opp. Evans Defs.' Mot. Dismiss [Docket No. 42], at 2). Thus, the only questions before the Court are (i) whether Milliman I and the present case involve the same parties, and (ii) whether they are based on the same nucleus of operative facts.

### a. **Milliman I and the present case involve the same parties.**

Plaintiff, without explanation, asserts that "defense counsel cannot establish the third element that both suits involve the same parties." (Id.). The Court does not agree. In both cases, Plaintiff named as defendants Kenneth Evans, Marlys Evans, and Jeff Evans. (Compare Milliman I, Compl. [Docket No. 1-1], at 3; with Milliman III, Compl. [Docket No. 1-1], at 2). The only distinction is that in Milliman I, Plaintiff also sued Hilltop Stop LLC, while in Milliman III, he instead sued *Evans* Hilltop Stop, LLC. (Id.). The Court finds this to be a distinction without a difference; although Defendant Evans Hilltop Stop, LLC, was not a *party* to Milliman I, Plaintiff nonetheless waived any claims against Defendant Evans Hilltop Stop, LLC, as part of the Settlement Agreement in that case. See Part II.B.1.b, supra.

**b. Milliman I and the present case are based on the same nucleus of operative facts.**

"To determine whether the present claim and the prior claim constitute the same claim, we consider 'whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations . . . .'" United States v. Gurley, 43 F.3d 1188, 1196 (8th Cir. 1994) (quoting Lane v. Peterson, 899 F.2d 737, 741 (8th Cir. 1990)).

Defendant argues that Milliman I and the present case are not based on the same nucleus of operative facts, alleging that "[t]he time period of the claims brought in this current cause of action took place well after the [Milliman I] matter was dismissed and constitutes a 'fresh pursuit' or a 'break in the continuity' between the prior and current lawsuit." (Pl.'s Mem. Opp. Evans Defs.' Mot. Dismiss [Docket No. 42], at 2). The plain language of Plaintiff's Complaint in the present case belies this argument. As demonstrated in Part II.B.1.a, supra, Plaintiff's claims against the Evans Defendants in the present case are virtually identical to those alleged in Milliman I. The only exceptions are his two (2) new conspiracy claims, which expressly reference the very same underlying events that gave rise to his claims in Milliman I. (See Milliman III, Compl. [Docket No. 1-1], at 7-8, ¶¶12-13).

**3. Even if Plaintiff's "conspiracy" claims were not barred by the Settlement Agreement and by *res judicata*, Plaintiff has not pled them sufficiently to survive a Rule 12(b)(6) motion to dismiss.**

Finally, to the extent that Plaintiff claims in the present case that the Evans Defendants were made "state actors" by their involvement in the ostensibly new claim of a "conspiracy" to deprive him of his civil rights, such a claim also fails as a matter of law. Plaintiff generally alleges that all Defendants "violated [his] constitutional rights afforded him by the Fourth, Fifth

and Fourteenth Amendments to the United States Constitution and 42 [U.S.C. §§] 1983, 1985,

1986, and 1987."  (Milliman III, Compl. [Docket No. 1-1], at 9, ¶18).

Plaintiff has failed to state a § 1983 claim against the Evans Defendants.  As this Court

explained in Milliman I:

> Section 42 U.S.C. § 1983 does not in and of itself create or establish any federally
> protected right.  Rather, it creates a cause of action for Plaintiff to enforce federal
> rights created elsewhere such as those found in the United States Constitution.
> Albright v. Oliver, 510 U.S. 266, 271 (1994).  In other words, 42 U.S.C.§ 1983
> fulfills the procedural or remedial function of authorizing a plaintiff to assert a
> claim for relief against a defendant who, acting under color of state law, violated
> the plaintiff's federal rights.  "Only state actors can be held liable under § 1983."
> Youngblood v. Hy-Vee Food Stores, Inc., 266 F.3d 851, 855 (8th Cir. 2001).

Milliman I, 2012 U.S. Dist. LEXIS 140458, at *16.

To successfully assert a § 1983 claim, a plaintiff must at the outset plead facts

demonstrating that the individuals committing the offending action were acting under color of

state law.  West v. Atkins, 487 U.S. 42, 48 (1988).  The same standard applies for allegations

that a private individual acted under color of state law.  See Sooner Prods. Co. v. McBride, 708

F.2d 510, 512 (10th Cir. 1983) ("When a plaintiff in a § 1983 action attempts to assert the

necessary 'state action' by implicating state officials or judges in a conspiracy with private

defendants, mere conclusory allegations with no supporting factual averments are insufficient;

the pleadings must specifically present facts tending to show agreement and concerted action.");

Simmons v. Sacramento Cnty. Sup. Ct., 318 F.3d 1156, 1161 (9th Cir. 2003).  Plaintiff, however,

has pled no facts to support such a claim.  Consequently, even if his § 1983 claims in the present

case were not barred by the Settlement Agreement and by *res judicata*—which they are—these

claims would fail as a matter of law.[19]

---

[19] Plaintiff's claims under 42 U.S.C. §§ 1985(2) and (3), 1986, and 1987 fail as a matter of law under Fed. R. Civ. P.
12(b)(6), because Plaintiff has plead no facts to support such claims.  See 42 U.S.C. § 1985 (making it illegal to (2)
obstruct justice or intimidate a party, witness, or juror; and (3) intimidate voters or "go in disguise on the highway or

In the present case, Plaintiff has previously released his right to bring these claims against the Evans Defendants as a result of his settlement agreement and stipulated dismissal with prejudice in light thereof in <u>Milliman I</u>.  Plaintiff is alternatively barred from reinstating his pursuit of these claims by *res judicata*.  Even if his arguably new "conspiracy" claims were not expressly waived and barred by *res judicata* because, as stated in the <u>Milliman I</u> Settlement Agreement, they "are related . . . to the claims contained in [<u>Milliman I</u>]," Plaintiff  has failed to allege facts sufficient to support those claims.  Whether considering Plaintiff's claims under a Rule 12(b)(6) standard for a motion to dismiss or under a Rule 56 standard for a motion for summary judgment, the Court recommends that his claims against all of the Evans Defendants be **DISMISSED with prejudice**.

### B.  Defendant Bank's Motion for Summary Judgment [Docket No. 16]

Defendant Bank argues that Plaintiff's claims against it in the present case are barred by *res judicata*.  "Both [<u>Milliman I</u> and <u>Milliman III</u>] relate to a nonsufficient fund check Mr. Milliman issued in the amount of $326.01.  Both suits complain of the fact that upon request of the Paynesville Police Department, the bank turned over their records to them."  (Def. Bank's Mem. Supp. Mot. Summ. J. [Docket No. 18], at 4).  In <u>Milliman I</u>, Plaintiff's claims against Defendant State Bank arising out of the same operative circumstances were dismissed with prejudice.  <u>Millilman I</u>, 2012 U.S. Dist. LEXIS 139475, at *9.[20]

---

on the premises of another, for the purpose of depriving . . . any person" of his or her civil rights); 42 U.S.C. § 1986 (establishing liability for failure to prevent acts described in § 1985); 42 U.S.C. § 1987 (authorizing certain prosecutions).

[20] The Court further notes that, in <u>Milliman I</u>, Plaintiff objected to this Court's Report and Recommendation recommending dismissal with prejudice of his claims against Defendant Bank.  (<u>Milliman I</u>, Objection [Docket No. 44]).  Judge Tunheim denied Plaintiff's objection and ordered the claims against Defendant Bank dismissed with prejudice.  2012 U.S. Dist. LEXIS 139475, at *4-7.

Plaintiff again asserts that the present case does not involve the same parties, and is not based on the same nucleus of operative facts, as <u>Milliman I</u>.  (Pl.'s Mem. Opp. Def. State Bank's Mot. Summ. J. [Docket No. 43], at 1).  And again, Plaintiff neither explains how the parties are different, nor actually identifies any new operative facts.  Instead, he here reasserts the *merits* of his previous claims, and states that "the plaintiff should be given an opportunity to pursue the State Bank in Eden Valley for their 'wrongdoing' and their motion for summary judgment must be denied because clearly the facts are still in dispute."  (<u>Id.</u>).

Despite Plaintiff's protestations, there is no question that <u>Milliman I</u> and the present case arise from "the same nucleus of operative facts."  Plaintiff alleges that "on or about March 4, 2011," Defendant Bank "knowingly conspired with defendant Schmitz" to violate his rights under Minn. Stat. 609.535 and under the Fourth and Fourteenth Amendments to the U.S. Constitution by providing law enforcement with his bank records.  (Compl. [Docket No. 1-1], at 5, ¶ 5).  These claims are substantially similar to his claims against Defendant Bank in <u>Milliman I</u>, where he wrote: "That on or about March 4, 2011 defendant State Bank in Eden Valley released records belonging to the plaintiff to officer Schmitz of the Paynesville Police Department in violation of Minnesota Statute 604.113 and Minnesota Statute 609.535." (<u>Milliman I</u>, Compl. [Docket No. 1-1], at 4, ¶ 9).  Plaintiff appears to concede as much when he writes that "clearly the facts are *still* in dispute," (Pl.'s Mem. Opp. Def. State Bank's Mot. Summ. J. [Docket No. 43], at 2 (emphasis added)), suggesting that it is *the same* facts that *still* are in dispute.

Where "the present action and the prior action focused on the same underlying facts, . . . they are closely 'related in time, space, [and] origin.'"  <u>Gurley</u>, 43 F.3d at 1196 (quoting <u>Lane</u>, 899 F.2d at 742).  Consequently, Plaintiff's claims against Defendant Bank are barred by *res*

*judicata*. Even if Plaintiff in the present case attempts to assert new legal theories arising out of the same operative facts, they would still be barred "because 'a litigant cannot attempt to relitigate the same claim under a different legal theory of recovery.'" Id. (quoting Poe v. John Deere Co., 695 F.2d 1103, 1105 (8th Cir. 1982)).

Finally, just as he did in Milliman I, and in the present case with regard to the Evans Defendants, Plaintiff has failed to allege any facts that would demonstrate that the Defendant Bank was a "state actor;" and, even if he had demonstrated that the Defendant Bank was a state actor—which he has not—he has failed to allege any facts that would demonstrate a "conspiracy" for purposes of § 1983.[21] See Part II.B.3, supra.

In the present case, Plaintiff's claims against the Defendant Bank are barred by *res judicata*. Even if his arguably new "conspiracy" claims were not barred by *res judicata*—which they are—Plaintiff has failed to allege facts sufficient to support those claims. Consequently, whether considering Plaintiff's claims under a Rule 12(b)(6) standard for a motion to dismiss, or under a Rule 56 standard for a motion for summary judgment, the Court recommends that his claims against the Defendant Bank be **DISMISSED with prejudice**.


### C. Local Government Defendants' Motion for Dismissal and/or Summary Judgment [Docket No. 21]

The Local Government Defendants offer three grounds upon which they ask the Court either to dismiss Plaintiff's claims against them, or for summary judgment in their favor on those claims. First, the Local Government Defendants move to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted; second, they move to dismiss the claims against Defendants Kortlever and Schmitz on the basis of qualified immunity; and third, they

---

[21] For the reasons articulated in fn. 19, supra, Plaintiff's claims with regard to §§ 1985, 1986, and 1987 also fail as a matter of law.

move to dismiss the claims against Defendants Kendall, Moen, MacPhail, and Lieberg on the basis of prosecutorial immunity.[22]

Additionally, the Local Government Defendants ask for an order affirmatively awarding attorneys' fees and costs, and barring future suits against the Government Defendants. (See Local Gov't Defs. Mem. Supp. Mot. Dismiss [Docket No. 23]).

**1. Plaintiff has failed to allege facts sufficient to sustain his "conspiracy" claims against the Local Government defendants.**

In Milliman I, Plaintiff brought § 1983 claims against the Local Government Defendants, and the Court dismissed those claims without prejudice. See Milliman I, 2012 U.S. Dist. LEXIS 140458, at *17-22, *25-26; adopted by 2012 U.S. Dist. LEXIS 139475, at *7-10. In the present case, Plaintiff re-alleges the very same operative facts, and re-alleges the same legal theories with one distinction: whereas in Milliman I Plaintiff based his § 1983 claim on the Local Government Defendants' alleged violations of Minn. Stat. §§ 604.113 and 609.535, in the present case Plaintiff additionally alleges a new legal theory of a "conspiracy" under 42 U.S.C. §§ 1983, 1985, 1986, and 1987[23] to violate his rights under the Fourth, Fifth, and Fourteenth Amendments by investigating and/or prosecuting him for writing an NSF check.[24]

Nonetheless, Plaintiff's Complaint in the present case still fails to set forth *factual allegations* of his conspiracy theory sufficient to meet the pleading requirements of Rule 8, Iqbal, and Twombley. In short, Plaintiff has failed to make a prima facie showing that the Local Government Defendants, by investigating, referring for prosecution, and prosecuting Plaintiff's

---

[22] In their written submissions to the Court, the Local Government Defendants also moved to dismiss under Rule 12(b)(5) for insufficient service of process; however, they waived service at the May 22, 2013, motions hearing.

[23] For the reasons articulated in fn. 19, supra, Plaintiff's claims with regard to §§ 1985, 1986, and 1987 fail as a matter of law.

[24] Plaintiff in the present case also alleges a Monell claim against Defendant Stearns County and the City of Paynesville, alleging a pattern, practice, and conspiracy to engage in conduct that deprived Plaintiff of his civil rights. (See Compl. [Docket No. 1-1], at 5-6, ¶ 7). However, Plaintiff's Complaint contains no factual allegations that would support his Monell claims. Consequently, the Court recommends that his Monell claims be **DISMISSED with prejudice** pursuant to Fed. R. Civ. P. 12(b)(6).

bounced check violated his rights under the United States Constitution or under any Federal

statute.  In Milliman I, this Court noted that Plaintiff had not "specifically delineated in his

Complaint which constitutional provision [the Local Government Defendants'] actions allegedly

violate."  2012 U.S. Dist. LEXIS 140458, at *19.  In the present case, Plaintiff sets forth

substantially the same facts,[25] and alleges that the Local Government Defendants' actions

violated his Fourth Amendment right against unreasonable search and seizure, and his Fifth

Amendment right to due process.[26]  However, as in Milliman I, "Plaintiff has only alleged

constitutional violations in the most general of terms.  Plaintiff alleges in a mere conclusory

fashion that the [Local] Government Defendants violated his constitutional rights . . . .  [T]hese

allegations are nothing more than mere 'labels and conclusions' lacking any specific factual

allegations, and they are therefore wholly insufficient to survive a motion to dismiss."  2012 U.S.

Dist. LEXIS 140458, at *17-18.  Although Plaintiff repeatedly invokes the Fourth, Fifth, and

Fourteenth Amendments, at no point does he ever allege facts sufficient to demonstrate or allege

how the Local Government Defendants' conduct violated those Amendments.

Additionally, Plaintiff's Complaint in the present case makes no specific factual

allegations to support his new theory of a "conspiracy."  "In order to prevail on a § 1983 civil

conspiracy claim, a plaintiff must show, 'that the defendant conspired with others to deprive him

or her of a constitutional right; that at least one of the alleged co-conspirators engaged in an overt

act in furtherance of the conspiracy; and that the overt act injured the plaintiff."  St. James v.

City of Minneapolis, No. 05-cv-2348 (DWF/JJG), 2007 U.S. Dist. LEXIS 73791, at *20 (D.

Minn. Oct. 2, 2007) (Frank, J.) (quoting Askew v. Millerd, 191 F.3d 953, 957 (8th Cir. 1999)).

---

[25] See Part II, supra.
[26] Plaintiff also invokes his Fourteenth Amendment rights, presumably by incorporation against the State of his Fourth and Fifth Amendment rights.

"Moreover, a plaintiff must prove a deprivation of a constitutional right or privilege in order to prevail on a § 1983 civil conspiracy claim." Id.

Plaintiff identifies no specific facts in his Complaint in the present case to support his conclusory allegation of a conspiracy. In particular, although Plaintiff repeatedly uses the word "conspiracy," he alleges no *specific facts* that would demonstrate either that the Local Government Defendants conspired against him, or took any overt act in furtherance of such a conspiracy. Like the complaint in Iqbal, which only loosely alleged that supervisory officials "knew of, condoned, and willfully and maliciously agreed to" subject the plaintiff to harsh conditions for an illegitimate reason, Plaintiff's allegations in the present case "are conclusory and not entitled to be assumed true." Iqbal, 556 U.S. at 681; see also Twombly, 550 U.S. at 554-55. The Court is "mindful that 'conspiracies are by their nature usually clandestine. It is unlikely that a plaintiff in a conspiracy case will be able to provide direct evidence of a conspiratorial agreement. Thus, such evidence is not necessary to prove that a civil conspiracy existed.'" White v. Walsh, 649 F.2d 560, 561 (8th Cir. 1981) (quoting Sparkman v. McFarlin, 601 F.2d 261, 278 n.19 (7th Cir. 1979) (en banc) (Swygert, J., dissenting)). However, even though a plaintiff need not provide direct evidence of a conspiracy, he still must assert some evidence.[27] Here, Plaintiff has presented no facts whatsoever that the Court can discern which would support his attempted § 1983 conspiracy claims.

---

[27] In White, the plaintiff alleged that a state court judge, a prosecutor, and his own defense counsel conspired together to have him removed from the courtroom during jury selection for his trial. White's complaint stated that he instructed his attorney that he wished to be present during all aspects of his trial, including jury selection. Nonetheless, the judge allowed White to be removed from the courtroom and placed in a holding cell during jury selection, without providing any reason in the record for doing so. When White was returned to the courtroom, an all-white jury had been seated. White both objected to the all-white jury and requested that he be appointed a new attorney; the trial court refused to alter the jury, and denied White's request for new counsel. 649 F.2d at 562. The Court of Appeals concluded, based on the plaintiff's complaint, that he "state[d] sufficient facts to give rise to the inference that there was . . . a meeting of the minds[, and a]ccordingly, the district court erred by dismissing White's complaint for lack of specificity." Id.

Finally, even if Plaintiff had demonstrated both that the Local Government Defendants conspired against him and that they acted in furtherance of that conspiracy—neither of which he has demonstrated in his Complaint—Plaintiff has, as already noted, not demonstrated or alleged any actual constitutional harm. His claims of constitutional harm, as previously discussed, are "nothing more than mere 'labels and conclusions' lacking any specific factual allegations." Furthermore, as noted in Milliman I:

> ***Plaintiff pled guilty to issuing a dishonored check*** and was sentenced to 30 days in the Stearns County Jail. . . . "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 266 (1973); see also Sully v. Ayers, 2008 U.S. Dist. LEXIS 120584, 2008 WL 2128171, at *35 (N.D. Cal. May 20, 2008) (finding that petitioner in a habeas corpus action "failed to demonstrate that the prosecution abused its discretion, let alone violated his constitutional rights, in charging Burns with crimes to which, incidentally, she later pled guilty."); Ludolph v. Wright, 791 F. Supp. 607, 609 (N.D. W. Va. May 28, 1992) ("A criminal defendant who pleads guilty, such as Plaintiff, may not subsequently challenge the constitutionality of the factual predicate to the plea. Because the investigation and sale furnished the underlying factual basis of Plaintiff's guilty plea and of this action, Plaintiff cannot now contest the legality of that which he has already admitted was legal."). Therefore, Plaintiff's claims against the [Local] Government Defendants as pled in the Complaint arising out of the investigation and prosecution of the charges against him for issuing a dishonored check should be dismissed.

2012 U.S. Dist. LEXIS 140458, at *20-22 (emphasis added; citation to the Milliman I record omitted). Whether Plaintiff's claims arise from putative violations of state law, as he alleged in Milliman I, or from alleged violations of his constitutional rights, as he alleges in the present case, they nonetheless are equally barred under Tollett by the fact that he pleaded guilty to the underlying offense.

Consequently, because Plaintiff has failed to allege facts sufficient to sustain either his general § 1983 claims or his new § 1983 conspiracy claims against the Local Government Defendants, the Court recommends that those claims be **DISMISSED**.

> **2. Even if Plaintiff had sufficiently pled his claims against the Local Government Defendants sufficiently to survive a Rule 12(b)(6) motion to dismiss, his claims nonetheless would be barred by the Local Government Defendants' qualified immunity.**

The Supreme Court has explained that "[t]he doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  A two-step process is used for resolving qualified immunity claims: "First, a court must decide whether the facts that a plaintiff has alleged . . . or shown . . . make out a violation of a constitutional right.  . . .  Second, if the plaintiff has satisfied this first step, the court must decide whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct."  Pearson, 555 U.S. at 232 (citations omitted).

The Government Defendants argue that Plaintiff merely states generally, but without specificity, that his rights were violated.  (Local Gov't Defs.' Mem. Supp. Mot. Dismiss [Docket No. 23], at 13-15).  They argue that his generic claims in his Complaint fail to raise a claim that would "shock the conscience."  (Gov't Defs.' Mem. Supp. Mot. Dismiss [Docket No. 23], at 13 (quoting Rochin v. California, 342 U.S. 165, 172-74 (1952)).  They further argue that neither Plaintiff's alleged rights under Minn. Stat. §§ 604.113 and 609.535, nor Plaintiff's belief that Defendant Kortlever should have gotten involved in the snow removal dispute, implicates a "clearly established" constitutional right.  (Id. at 15-16).

Plaintiff makes no response to this argument—in fact, he appears to concede it.[28] Plaintiff alleges no facts that would demonstrate that the Local Government Defendants either waived their qualified immunity, or that they lost their immunity by their actions.  Consequently, even if Plaintiff's claims against the Local Government Defendants could survive the Rule 12(b)(6) analysis—which they do not—the Court would recommend that those claims be **DISMISSED** on the grounds of qualified immunity.

> **3. Additionally, Local Government Defendants Kendall, Moen, MacPhail, and Lieberg are also entitled to dismissal of Plaintiff's claims against them on the basis of absolute prosecutorial immunity.**

"A state prosecutor enjoys absolute immunity from lawsuits based on acts performed 'in initiating a prosecution and in presenting the State's case." Peterson v. Clay County, No. 11-cv-3641 (MJD/LIB), 2013 U.S. Dist. LEXIS 28360, at *4 (D. Minn. Mar. 1, 2013) (Davis, C.J.) (quoting Imbler v. Pacthman, 424 U.S. 409, 431 (1976)).  Such "[a]bsolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process." Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996); see also Williams v. Hartje, 827 F.2d 1203, 1208 (8th Cir. 1987) (prosecutorial immunity covers "actions connected with the initiation of prosecution").

Plaintiff argues that "the defendants [sic] conduct that is complained about occurred long before they could claim to have been acting as advocates."  (Pl.'s Mem. Opp. Gov't Defs. Mot. Dismiss [Docket No. 44], at 2).  However, Plaintiff's actual claims contradict this argument, as all of his claims all arise from the Local Government Defendant Prosecutors' roles *as*

---

[28] In his Response to the Local Government Defendants, Plaintiff's section concerning prosecutorial immunity is headlined: "COUNTY ATTORNEY JANELLE KENDALL AND ASSISTANT COUNTY ATTORNEYS PATRICK MOEN, WILLIAM MACPHAIL AND MICHAEL LIEBERG ARE NOT ENTITLED TO PROSECUTORIAL IMMUNITY, AT BEST *THEY MAY BE ENTITLED TO QUALIFIED IMMUNITY*."  Pl.'s Mem. Opp. Local Gov't Defs. Mot. [Docket No. 44], at 1 (emphasis added)).

*prosecutors*, to wit: the filing of the criminal complaint;[29] a probable cause hearing;[30] trial briefing;[31] review of evidence;[32] and the hearing at which Plaintiff plead guilty to the NSF charge.[33]  These are factual allegations of conduct within the core prosecutorial functions that fall within prosecutorial immunity.  <u>See, e.g.</u>, <u>Brodnicki</u>, 75 F.3d at 1266 (initiation and presentation of prosecution's case within the scope of prosecutorial immunity); <u>Cady v. Arenac County</u>, 574 F.3d 334, 341 (6th Cir. 2009) ("Conduct associated with plea bargains has long been held by this court to be so intimately associated with the prosecutor's role as an advocate of the State in the judicial process as to warrant absolute immunity.").

"Absolute prosecutorial immunity 'defeats a case at the outset, so long as the official's actions were within the scope of the immunity.'"  <u>Peterson</u>, 2013 U.S. Dist. LEXIS 28360, at *5 (quoting <u>Imbler</u>, 424 .S. at 419 n.13).  In the present case, Plaintiff has alleged no specific facts that would demonstrate that the Local Government Defendant Prosecutors acted outside the scope of their prosecutorial immunity.

Consequently, even if Plaintiff's claims against Local Government Defendants Kendall, Moen, MacPhail, and Lieberg could survive the Rule 12(b)(6) analysis and the application of qualified immunity, the Court would recommend that they be **DISMISSED with prejudice** on the grounds of absolute prosecutorial immunity.

4.  **Although in <u>Milliman I</u> Plaintiff's claims against the Local Government Defendants were dismissed without prejudice, in the present case Plaintiff's claims against the Local Government Defendants should be dismissed <u>with prejudice</u>.**

There is some disagreement among Federal courts about whether a Rule 12(b)(6)

---

[29] Compl. [Docket No. 1-1], at 5, ¶ 7.
[30] <u>Id.</u> at 6, ¶ 8.
[31] <u>Id.</u> at 6, ¶ 10.
[32] <u>Id.</u> at 6, ¶ 11.
[33] <u>Id.</u> at 7, ¶ 12.

dismissal is normally one with prejudice or without prejudice.[34]  While the Eighth Circuit does

not appear to have addressed the issue directly, decisions from the Eighth Circuit and this Court

generally favor dismissals under Rule 12(b)(6) without prejudice, at least where there is no

evidence of persistent pleading failures.  See Michaelis v. Neb. State Bar Ass'n, 717 F.2d 437,

438–39 (8th Cir.1983) ("Ordinarily dismissal of a plaintiff's complaint for failure to comply with

Rule 8 should be with leave to amend.  But if the plaintiff has persisted in violating Rule 8 the

district court is justified in dismissing the complaint with prejudice." (internal citation omitted));

Larson v. Stow, 36 F.3d 1100 (8th Cir. 1994) (table decision); Patil v. Minnesota State

University, Mankato, No. 12-cv-1052 (JRT/JSM), 2012 WL 7807608, at *10 (D. Minn. Dec. 10,

2012); Ikechi v. Verizon Wireless, No. 10-cv-4554 (JNE/SER), 2011 WL 218797, at *5 n.6 (D.

Minn. Apr. 7, 2011).

In the present case, however, Plaintiff has had ample opportunities to properly assert

specific facts to support his claims against the Local Government Defendants: he could have

asserted such facts in his Milliman I Complaint; he could have sought to amend his Milliman I

---

[34] Compare CNH America LLC v. Int'l Union, 645 F.3d 785, 795 (6th Cir. 2011) (explaining that "[o]rdinarily, if a district court grants a defendant's 12(b)(6) motion, the court will dismiss the claim without prejudice to give parties an opportunity to fix their pleading defects . . . [b]ut if a party does not file a motion to amend or a proposed amended complaint, it is not an abuse of discretion for the district court to dismiss the claims with prejudice."); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment. A district court's failure to consider the relevant factors and articulate why dismissal should be with prejudice instead of without prejudice may constitute an abuse of discretion."); Ostrzenski v. Seigel, 177 F.3d 245, 252-53 (4th Cir. 1999) (holding that "the district court should not have dismissed the complaint with prejudice without permitting [the plaintiff] an opportunity to amend," and explaining that "[t]he better practice is to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the court will be able to determine conclusively on the face of a defective pleading whether plaintiff actually can state a claim."); with Petty v. County of Franklin, Ohio, 478 F.3d 341, 346 (6th Cir. 2007) ("12(b)(6) dismissal . . . is generally construed as a dismissal with prejudice on the merits"); Higgins v. City of Tulsa, Oklahoma, 103 Fed. Appx. 648, 651 (10th Cir. 2004) (unpublished) ("[A] dismissal under Rule 12(b)(6) for failure to state a claim is generally with prejudice."); Rollins v. Wackenhut Servs., Inc., 703 F.3d 122, 133 (D.C. Cir. 2012) (Kavanaugh, J. concurring) ("On the contrary, Rule 41(b) contemplates that a Rule 12(b)(6) dismissal ordinarily operates as a dismissal with prejudice, unless the district court in its discretion states otherwise."); City of Jefferson v. Cingular Wireless, LLC, 2007 WL 1965572, at * (W.D. Mo. Jul. 3, 2007) (explaining that "dismissals under Rule 12(b)(6) are generally with prejudice," but "[g]iven the contorted procedural history of this dispute," dismissing the claim without prejudice).

Complaint in response to the motions to dismiss brought by the defendants in that case;[35] and, in the present case, Plaintiff failed to heed this Court's prior holdings and merely brought yet another round of mostly the same conclusory, unsupported claims. The Court finds that Plaintiff has been afforded more than ample opportunity to present the facts he believed supported his claims.

Additionally, the Court notes that since the Plaintiff's claims against the Local Government Defendants are also barred by qualified immunity and/or prosecutorial immunity, such claims must be dismissed with prejudice as they fail at the outset as a matter of law. <u>See</u> <u>Trendle v. Campbell</u>, 465 Fed. Appx. 584, 585 (8th Cir. 2012) (unpublished) (upon finding that defendant was entitled to qualified immunity, modifying judgment to reflect dismissal with prejudice) (citing <u>Moore v. Briggs</u>, 381 F.3d 771, 775 (8th Cir. 2004) (upon concluding that defendants were entitled to qualified immunity, remanding case with directions to dismiss claims against them with prejudice)).

Consequently, the Court recommends that Plaintiff's claims against the Local Government Defendants be **dismissed WITH PREJUDICE**. <u>See</u> <u>Welk v. GMAC Mortg., LLC</u>, 850 F. Supp.2d 976, 991-92 (D. Minn. Mar. 29, 2012) (dismissing some of the plaintiff's claims with prejudice for a pleading failure under Fed. R. Civ. P. 8 because "plaintiffs have already had two opportunities to plead these claims and have not moved to amend their complaint").

---

[35] In <u>Milliman I</u>, Plaintiff did ask the District Court to allow him to amend his Complaint with regard to certain of his claims, but the District Court denied his request as "procedurally improper because Milliman did not request leave to amend from the Magistrate Judge. <u>See</u> <u>Ridenour v. Boehringer Ingelheim Pharms., Inc.</u>, 679 F.3d 1062, 1067 (8th Cir. 2012) ('[Plaintiff] was required to present all of his arguments to the magistrate judge, lest they be waived.')." 2012 U.S. Dist. LEXIS 139475, at *6-7.

**5. The Local Government Defendants' affirmative request for sanctions is procedurally improper.**

In addition to seeking dismissal of Plaintiff's claims against them, the Local Government Defendants ask this Court to affirmatively award them attorneys' fees under 42 U.S.C. § 1988, and to sanction the Defendant under Fed. R. Civ. P. 11, including a requirement that Plaintiff obtain either the assistance of counsel or the permission of the Court before bringing any action against them in the future. (Gov't Defs.' Mem. [Docket No. 23], at 20-23).

**a. The Local Government Defendants' request for attorneys' fees pursuant to 42 U.S.C. § 1988 is procedurally improper.**

"Section 1988 provides that a court may, 'in its discretion,' award to the prevailing party in an action under section 1983 reasonable attorney fees as part of the costs." Fearing v. City of Lake St. Croix Beach, No. 04-cv-5127 (JNE/SRN), 2006 U.S. Dist. LEXIS 70600, at *2 (D. Minn. Sept. 28, 2006) (Ericksen, J.) (quoting 42 U.S.C. § 1988(b)). "[A] prevailing defendant may request attorney fees under this statute." Thelen v. City of Elba, No. 08-cv-1150 (JNE/JJG), 2010 U.S. Dist. LEXIS 90867, at *2 (D. Minn. July 13, 2010) (Graham, M.J.) (citing Dillon v. Brown, 380 F.3d 360, 365 (8th Cir. 2004)), adopted by, sanctions disallowed by 2010 U.S. Dist. LEXIS 90866 (D. Minn. Aug. 31, 2010) (Ericksen, J).

Both the Federal Rules of Civil Procedure and the Local Rules generally require[36] that a request for attorney's fees be brought by motion. See Fed. R. Civ. P. 54(d)(2)(A) ("A claim for attorney's fees . . . *must be made by motion* . . ." (emphasis added).); L.R. 54.3(b) ("When a party *timely files and serves a motion for attorney's fees* . . . under Fed. R. Civ. P. 54(d)(2) . . ." (emphasis added)).

---

[36] Fed. R. Civ. P. 54(d)(2)(A) provides an exception for cases where "the substantive law requires [attorneys'] fees to be proved at trial as an element of damages," but that exception is not relevant in the present case.

The Local Government Defendants' motion in the present case merely asks the Court to dismiss Plaintiff's claims, pursuant to Fed. R. Civ. P. 12(b)(6) and/or Fed. R. Civ. P. 56, and they did *not* ask as part of their motion at the outset for an award of attorneys' fees. (See Local Gov't Defs. Mot. [Docket No. 21]). Instead, they *request* an award of attorneys' fees pursuant to § 1988 for the first time in their legal Memorandum in support of their Motion to Dismiss and/or for Summary Judgment

The Local Government Defendants have not brought a *motion* for an award of attorneys' fees, as required by both the Federal Rules and the Local Rules, and therefore, the Court recommends that the Local Government Defendants' request for an award of attorneys' fees pursuant to 42 U.S.C. § 1988 be **DENIED**.

### b. The Local Government Defendants' request for Rule 11 sanctions, including a "frequent filer" designation, is also procedurally improper.

The Federal Rules of Civil Procedure require that pleadings submitted by pro se parties "must be signed . . . by a party personally." Fed. R. Civ. P. 11(a). The purpose of this requirement is to

> certif[y] to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Rule 11 also provides for sanctions. Fed. R. Civ. P. 11(c).

However, Rule 11 also provides certain procedural requirements for motions seeking sanctions:

A motion for sanctions **must be made separately from any other motion** and must describe the specific conduct that allegedly violates Rule 11(b). **The motion** must be served under Rule 5, but it **must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service** or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed. R. Civ. P. 11(c)(2) (emphasis added).

In the present case, the Local Government Defendants have not made a separate motion for Rule 11 sanctions—as the Rule requires—nor even included their request for sanctions in their motion to dismiss, but instead merely *request* for the first time such sanctions in their legal Memorandum. This procedural deficiency, by itself, provides this Court with sufficient grounds to recommend that the Local Government Defendants' request for Rule 11 sanctions be denied. See Thelen, 2010 U.S. Dist. LEXIS 90867, at *4 ("Rule 11(c)(2) states that a motion for Rule 11 sanctions 'must be made separately from any other motion[.]' Here, the defendants combined their Rule 11 and § 1988 arguments in a single motion, so they cannot obtain relief under Rule 11.").

Additionally, the Local Government Defendants have not demonstrated that they served their request for Rule 11 sanctions on Plaintiff at least twenty-one (21) days before bringing it to the Court, as required by Rule 11. Again, this procedural deficiency, by itself, provides the Court with sufficient grounds to recommend that the Local Government Defendants' request for Rule 11 sanctions be denied. See Fearing, 2006 U.S. Dist. LEXIS 70600, at *6-7. The Court believes compliance with this "safe harbor" provision is particularly important when Rule 11 sanctions are sought against a pro se party.

Consequently, the Court recommends that the Local Government Defendants' request for Rule 11 sanctions, including a "frequent filer" designation, be **DENIED**.

### D.  State Defendants' Motion to Dismiss [Docket No. 38]

The State Defendants argue: (1) that Plaintiff's "official capacity" claims against them are barred by the Eleventh Amendment; (2) that his claims against the State Defendant Judges are barred by judicial immunity; and (3) that his claims against the State Defendant Public Defenders are barred by Polk County v. Dodson, 454 U.S. 312, 318-25 (1981).

### 1.  Plaintiff's "official capacity" claims against the State Defendants are barred by the Eleventh Amendment.

The Eleventh Amendment prohibits an action for damages against a state unless it has unequivocally consented to suit or Congress has abrogated the states' immunity for a particular federal cause of action.  Hadley v. North Arkansas Community Technical College, 76 F.3d 1437, 1438 (8th Cir. 1996) (citations omitted); Faibisch v. University of Minnesota, 304 F.3d 797, 800 (8th Cir. 2002).  States are entitled to Eleventh Amendment immunity for claims brought under Section 1983.  Hadley, 76 F.3d at 1438 ("Section 1983 does not override Eleventh Amendment immunity").  A suit against a public employee in that person's "official capacity" is merely a suit against the public employer.  Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999) (citing Kentucky v. Graham, 473 U.S. 159, 165 (1985)).

Plaintiff concedes that "[t]he Eleventh Amendment does bar plaintiff's claims against the state defendants in their official capacities."  (Pl.'s Mot. Hr'g Mem. [Docket No. 51], at 4).  Upon Plaintiff's concession, and the absence in the record before the Court of any authority showing either the state's consent to suit or Congressional abrogation of the state's sovereign

immunity, the Court recommends that Plaintiff's "official capacity" claims against the State

Defendants be **DISMISSED with prejudice**.

### 2. Plaintiff's "individual capacity" claims against State Defendant Judges are barred by absolute judicial immunity.

"It is well settled, under both federal and state law, that judges are completely immune

from civil lawsuits based on claims of misconduct during the performance of their judicial

functions." Nazario v. Quaintance, No. 12-cv-554 (JRT/AJB) 2012 U.S. Dist. LEXIS 119738, at

*18 (D. Minn. Aug. 3, 2012) (Boylan, M.J.),[37] adopted by 2012 U.S. Dist. LEXIS 118515 (D.

Minn. Aug. 22, 2012).  Claims for money damages against judges fail even where the judges are

"alleged to have acted maliciously or corruptly."  Id. at *19 (citing P.G. v. Ramsey County, 141

F. Supp. 2d 1220, 1230 (D. Minn. 2001)).  A claim against a judge can survive only where the

judge is presiding "in the absence of all subject matter jurisdiction."  Id. (citing P.G., 141 F.

Supp. 2d at 1230).

Plaintiff responds that his "individual capacity claims are NOT barred by judicial

immunity," because the State Defendant Judges acted "in the 'clear absence of all jurisdiction.'"

(Pl.'s Mot. Hr'g Mem. [Docket No. 51], at 4, 6).  However, Plaintiff has asserted no facts at all

that would demonstrate that the State Defendant Judges acted "in the absence of all subject

matter jurisdiction"—rather, he merely disagrees with their decisions.  The facts in the record

demonstrate that the State Defendant Judges were merely administering their duties pursuant to

the state court's general jurisdiction over all criminal proceedings.

---

[37] Citing Pierson v. Ray, 386 U.S. 547, 553-54 (1967); Stump v. Sparkman, 435 U.S. 349, 355-57 (1978); Mireles v. Waco, 502 U.S. 9, 11 (1991); Liles v. Reagan, 804 F.2d 493, 495 (8th Cir. 1986). See also Hoppe v. Klapperich, 224 Minn. 224, 234, 28 N.W.2d 780 (1947) ("'it is unquestionable, and has been from the earliest days of the common law, that a judicial officer cannot be called to account in a civil action for [ ] determinations and acts in [an] judicial capacity, however erroneous or by whatever motives prompted'") (quoting Stewart v. Case, 53 Minn. 62, 66, 54 N.W. 938 (1893)).

The Court finds that Plaintiff's claims against the State Defendant Judges are barred by the doctrine of judicial immunity. Consequently, the Court recommends that Plaintiff's "individual capacity" claims against the State Defendant Judges be **DISMISSED with prejudice**.

### 3. Plaintiff's "individual capacity" claims against State Defendant Public Defenders are barred by <u>Polk County v. Dodson</u>, 454 U.S. 312, 318-25 (1981).

"The Supreme Court has held that public defenders are not agents of the state or state actors for the purposes of § 1983." <u>Patterson v. Von Riesen</u>, 999 F.2d 1235, 1238 n.2 (8th Cir. 1993) (citing <u>Dodson</u>). Only where a public defender conspires with other state officials to deprive a defendant of his constitutional rights can he be subjected to suit under § 1983. <u>Tower v. Glover</u>, 467 U.S. 914, 923 (1984). "Allegations that a public defender has conspired with judges or other state officials to deprive a [person] of federally protected rights may state a claim under § 1983. Allegations of conspiracy, however, must be pled with sufficient specificity and factual support to suggest a 'meeting of the minds." <u>Manis v. Sterling</u>, 862 F.2d 679, 681 (8th Cir. 1988) (citations omitted).

The State Defendants argue that Plaintiff "makes only conclusory allegations of conspiracy" that are insufficient to bring a claim. (State Defs.' Mem. Supp. Mot. Dismiss [Docket No. 40], at 6). Plaintiff makes two arguments in response: first, that <u>Manis</u> is inapplicable because it was not brought by a pro se party; and second, that "[t]he law allows conclusory allegations and/or circumstantial evidence in regard to conspiracy claims." (Pl.'s Mot. Hr'g Mem. [Docket No. 51], at 4).

With regard to the first argument, Plaintiff urges the Court to follow <u>Smith v. Bacon</u>, 699 F.2d 434 (8th Cir. 1983), in which the Eighth Circuit found that a pro se party had pleaded facts "barely sufficient" to sustain his claim that his court-appointed attorney had conspired with state

court judges to provide him inadequate representation. (Pl.'s Mot. Hr'g Mem. [Docket No. 51], at 4 (citing <u>Smith</u>, 699 F.2d at 436-37)).[38] However, the <u>Smith</u> court did not absolve the plaintiffs from the requirement that they plead facts sufficient to sustain their conspiracy claim, but, rather, found that they had, indeed, pled such facts:

> The key fact raising an inference of conspiracy is that appellants' attorneys told [appellants] that the judges "hated" them for filing the first section 1983 action. Appellants thus contend that the judges' wish to retaliate against them motivated the conspiracy. The attorneys allegedly carried out this purpose by undermining appellants' Rule 27.26 proceedings. According to [appellants], their attorneys did not prepare for the hearings, refused to seek disqualification of the judges, and did not assist in filing an appeal. In addition, Smith's lawyer "appeared to be scared and would not aid or assist the plaintiff."

699 F.2d at 437.[39] In <u>Smith</u>, the Eighth Circuit held that these *specific factual allegations* were "barely sufficient" to sustain the plaintiffs' claims, and reversed the District Court's judgment dismissing those claims. <u>Id.</u>

In the present case, Plaintiff has made no such *specific factual allegations*. Instead, he alleges only in a wholly conclusory fashion that the State Defendant Public Defenders "conspired" with the other Defendants. (<u>See, e.g.</u>, <u>Milliman III</u>, Compl. [Docket No. 1-1], at 6, ¶ 9 ("There was a [sic] Omnibus Hearing held before defendant Judge John H. Scherer and defendants John H. Scherer, John Foley and William MacPhail conspired together and decided together that there were 'no issues to be raised constitutionally because the State of Minnesota did not violate any constitutional rights belonging to the plaintiff.'"). In fact, the only *specific factual allegations* that Plaintiff makes with regard to the State Defendant Public Defenders contradict his allegations of conspiracy. (<u>Id.</u> at 6, ¶ 10 ("defendant John Foley did submit written

---

[38] Plaintiff also cites <u>White v. Bloom</u>, 621 F.2d 276 (8th Cir. 1980). However, the Eighth Circuit in <u>White</u> did not find that the plaintiff had sufficiently pled his claim, but rather remanded for the District Court to consider the sufficiency of the pleading.

[39] Additionally, the District Court "premised its dismissal of appellants' claims against their court-appointed counsel on its erroneous assumption that public defenders are never amenable to suit under section 1983. Thus, it never even considered whether the facts alleged by appellants were sufficient to sustain their conspiracy cause of action." <u>Smith</u>, 699 F.2d at 437.

argument *exactly as the plaintiff instructed*" (emphasis added))).  In summary, the fact that the pro se appellants before the court in <u>Smith</u> , <u>supra</u>, pled their claims barely sufficient enough in order to avoid a Rule 12 motion to dismiss by alleging some specific facts *in that case*, does not mean that Plaintiff in the present case has in any similar way done so.  In fact, he has not.

Second, Plaintiff's assertion that "[t]he law allows conclusory allegations and/or circumstantial evidence in regard to conspiracy claims" is simply incorrect.  While Plaintiff correctly points out that "circumstantial evidence may provide adequate proof of conspiracy," (Pl.'s Mot. Hr'g Mem. [Docket No. 51], at 4 (quoting <u>Hampton v. Hanrahan</u>, 600 F.2d 600, 621 (7th Cir. 1979))), Plaintiff fails in his present Complaint to even offer circumstantial evidence of any conspiracy.  More important, "[a]lthough circumstantial evidence *may* prove a conspiracy, it is well-settled that conspiracy claims must be pled with some degree of specificity and that *vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983*."  <u>Heyne v. Metro. Nashville Pub. Schs.</u>, 655 F.3d 556, 563 (6th Cir. 2011) (internal edits, quotation, and citation omitted; emphasis added).

Upon considering both Plaintiff's Complaint, [Docket No. 1-1], and the arguments responsive to the State Defendants in Plaintiff's Motion Hearing Memorandum, [Docket No. 51], the Court finds that Plaintiff has made no specific factual allegations to support his "conspiracy" claims against the State Defendant Public Defenders under § 1983,[40] but instead relies on mere labels and legal conclusions.  Consequently, the Court recommends that Plaintiff's "individual capacity" claims against the State Defendant Public Defenders be **DISMISSED with prejudice**.

---

[40] For the reasons articulated in fn. 19, <u>supra</u>, Plaintiff's claims with regard to §§ 1985, 1986, and 1987 also fail as a matter of law.

## V. CONCLUSION[41]

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. The Evans Defendants' Motion to Dismiss and/or for Summary Judgment [Docket No. 2] be **GRANTED**, and that Plaintiff's claims against the Evans Defendants be **DISMISSED with prejudice**, as set forth above;

2. The Defendant Bank's Motion for Summary Judgment [Docket No. 16] be **GRANTED**, and that Plaintiff's claims against the Defendant Bank be **DISMISSED with prejudice**, as set forth above;

3. The Local Government Defendants' Motion for Dismissal and/or Summary Judgment [Docket No. 21] be **GRANTED**,[42] as set forth above, and that Plaintiff's claims against the Local Government Defendants be **DISMISSED with prejudice**; and

4. The State Defendants' Motion to Dismiss [Docket No. 38] be **GRANTED**, and that Plaintiff's claims against the State Defendants be **DISMISSED with prejudice**, as set forth above.

---

[41] The Court closes with a final observation: When Plaintiff appeared before the undersigned for the Milliman I motions hearing on April 12, 2012, the Court asked Plaintiff if he understood that, pursuant to the motions then pending, the Court might dismiss his claims. Plaintiff replied that he would simply re-file his claims in state court. True to his word, he did just that, and here we are. Now, considering Plaintiff's initial action in Milliman I, his habeas petition in Milliman II, and this present action (Milliman III), the Court finds itself expending significant time and resources considering (and reconsidering) essentially the same claims that Plaintiff has now brought before the U.S. District Court for the District of Minnesota three times.

Plaintiff now asks the Court to take into consideration that he is a pro se party. (See, e.g., Milliman III, Pl.'s Mot. Hr'g Mem. [Docket No. 51], at 4 (stating that the Court should judge the sufficiency of his claims in light of claims brought by other pro se litigations, and not compare them with claims brought by represented parties)). However, in both Milliman II and the present case, Plaintiff boasts of his experience in the federal courts. (See, e.g., Milliman II, Pet. [Docket No. 1], at 3-4 (referring to Milliman v. State of Minnesota, 774 F.2d 247 (8th Cir. 1985), and Milliman v. Lindemoen, 30 Fed. Appx. 669 (8th Cir. 2002) (unpublished), and Milliman v. County of Stearns, No. 05-cv-2993 (JRT/RLE)); Milliman III, Pl.'s Mem. Opp. Evans Defs.' Mot. [Docket No. 42], at 2 ("This is not the plaintiff's first rodeo with res judicata . . . in the District of Minnesota" (referring to Milliman v. Lindemoen, No. 01-cv-1563 (RHK/RLE)).

[42] Although the Court recommends that the Local Government Defendants' *motion* be granted, their requests for sanctions were not brought by motion, and the Court recommends that they be **DENIED**, as noted in Part IV.C.5, supra.

Dated: August 12, 2013                    s/Leo I. Brisbois
                                          LEO I. BRISBOIS
                                          United States Magistrate Judge

# N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by August 26, 2013**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.