UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Lance Gerald Milliman,                              Civil No. 13-136 (DWF/LIB)

           Plaintiff,

v.                                          **ORDER ADOPTING REPORT**
                                                 **AND RECOMMENDATION**

Stearns, County of; Mary Mahler;
Vicki Landwehr; Janelle Kendall;
Patrick Moen; William MacPhail;
Rex Tucker; John Foley; Paynesville,
City of; Kent Kortlever; Joseph Schmitz;
State Bank in Eden Valley; Evan's Hilltop
Stop, LLC; Keneth Evans; Marlys Evans;
Jeff Evans; John H. Scherer; and Michael Lieberg,

           Defendants.

This matter is before the Court upon Plaintiff Lance Gerald Milliman's ("Plaintiff") objections (Doc. No. 54) to Magistrate Judge Leo I. Brisbois's August 12, 2013 Report and Recommendation ("August 12, 2013 R&R") (Doc. No. 53) insofar as it recommends that: (1) the Evans Defendants' Motion to Dismiss and/or for Summary Judgment be granted and that Plaintiff's claims against the Evans Defendants be dismissed with prejudice, as set forth in the August 12, 2013 R&R; (2) the Defendant Bank's Motion for Summary Judgment be granted and Plaintiff's claims against the Defendant Bank be dismissed with prejudice, as set forth in the August 12, 2013 R&R; (3) the Local Government Defendants' Motion for Dismissal and/or Summary Judgment be granted, as set forth in the August 12, 2013 R&R, and Plaintiff's claims against the Local Government Defendants be dismissed with prejudice; and (4) the State Defendants' Motion to Dismiss

be granted and Plaintiff's claims against the State Defendants be dismissed with prejudice, as set forth in the August 12, 2013 R&R. Defendant State Bank in Eden Valley (the "Defendant Bank") filed a response to Plaintiff's objections on August 30, 2013. (Doc. No. 56.) Defendants Stearns County, Janelle Kendall, Patrick Moen, William MacPhail, Michael Lieberg, City of Paynesville, Kent Kortlever and Joseph Schmitz (the "Local Government Defendants"); Defendants Hon. John H. Scherer, Hon. Vicki Landwehr, Hon. Mary Mahler, John Foley, and Rex Tucker (the "State Defendants"); and Defendants Evans Hilltop Stop, LLC, Kenneth Evans, Marlys Evans, and Jeff Evans (the "Evans Defendants") filed separate responses to Plaintiff's objections on September 3, 2013. (Doc. Nos. 57, 58, 60.)

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Plaintiff's objections.

In the Report and Recommendation, Magistrate Judge Brisbois concluded the following: (1) with respect to Plaintiff's claims against the Evans Defendants—Plaintiff's claims are barred by a Settlement Agreement entered into in *Milliman I*[1];

---

[1] As noted by the Magistrate Judge, the issues raised in this action have been before the district court in both *Milliman v. Stearns*, Civ. No. 11-3636 ("*Milliman I*") and *Milliman v. Minnesota*, Civ. No. 12-1789 ("*Milliman II*").

alternatively, Plaintiff's claims would be barred by *res judicata*; and Plaintiff's conspiracy claims were not sufficiently pled; (2) with respect to Plaintiff's claims against the Defendant Bank—Plaintiff's claims are barred by *res judicata*; alternatively, Plaintiff failed to allege facts sufficient to support his conspiracy claims; (3) with respect to Plaintiff's claims against the Local Government Defendants—Plaintiff failed to allege facts sufficient to support a conspiracy claim; alternatively, his claims would be barred by the Local Government Defendants' qualified immunity; Defendants Kendall, Moen, MacPhail, and Lieberg are entitled to prosecutorial immunity; and Plaintiff's claims are properly dismissed with prejudice; and (4) with respect to Plaintiff's claims against the State Defendants—Plaintiff's "official capacity" claims are barred by the Eleventh Amendment; Plaintiff's "individual capacity" claims against the State Defendant Judges are barred by judicial immunity; and Plaintiff's "individual capacity" claims against the State Public Defenders are barred.

Plaintiff makes numerous objections, arguing that the Magistrate Judge erred in the following primary ways: (1) by making reference to facts and arguments dealing with previously adjudicated cases, *Milliman I* and *Milliman II*; (2) for construing certain grounds raised by the Evans Defendants as being made pursuant to Rule 12(b)(6) or Rule 56; (3) for concluding that Plaintiff's claims are barred by res judicata because Plaintiff identifies "new operative facts"; (4) for concluding that Plaintiff failed to sufficiently pled a claim for conspiracy; (5) for concluding that Plaintiff's claims are barred

by qualified immunity and prosecutorial immunity; and (6) for concluding that Plaintiff has failed to comply with Rule 8.

Having carefully reviewed the record, the Court concludes that Plaintiff's objections do not warrant departure from the Magistrate's recommendations. Plaintiff fails to offer any valid basis for his objections. The Court agrees with the Magistrate Judge's conclusion, and therefore, based upon the *de novo* review of the record and all of the arguments and submissions of the parties, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1. Plaintiff Lance Gerald Milliman's objections (Doc. No. [54]) to Magistrate Judge Leo I. Brisbois's August 12, 2013 Report and Recommendation are **OVERRULED**.

2. Magistrate Judge Leo I. Brisbois's August 12, 2013 Report and Recommendation (Doc. No. [53]) is **ADOPTED**.

3. The Evans Defendants' Motion to Dismiss and/or for Summary Judgment, (Doc. No. [2]) is **GRANTED**, and that Plaintiff's claims against the Evans Defendants are **DISMISSED WITH PREJUDICE**, as set forth in the August 12, 2013 R&R.

4. The Defendant Bank's Motion for Summary Judgment (Doc. No. [16]) is **GRANTED**, and Plaintiff's claims against the Defendant Bank are **DISMISSED WITH PREJUDICE**, as set forth in the August 12, 2013 R&R.

5. The Local Government Defendants' Motion for Dismissal and/or Summary Judgment (Doc. No. [21]) is **GRANTED**,[2] as set forth in the August 12, 2013 R&R, and Plaintiff's claims against the Local Government Defendants are **DISMISSED WITH PREJUDICE.**

6. The State Defendants' Motion to Dismiss (Doc. No. [38]), is **GRANTED**, and Plaintiff's claims against the State Defendants are **DISMISSED WITH PREJUDICE**, as set forth in the August 12, 2013 R&R.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: September 26, 2013             s/Donovan W. Frank
                                      DONOVAN W. FRANK
                                      United States District Judge

---

[1] Although the Court recommends that the Local Government Defendants' motion be granted, their request for sanctions was not brought by motion, and the Court, consistent with the Magistrate Judge's recommendation, denies the request.